MOSLEY *v.* BOARD OF COMMISSIONERS OF MARION COUNTY ET AL.

[No. 25,349. Filed February 19, 1929.]

L. *Russell Newgent* and *Walter G. Todd*, for appellant.
*Martin M. Hugg, Cassius C. Shirley, Charles E. Cox, James M. Ogden, Lawrence B. Davis* and *Jacob Morgan*, for appellees.

GEMMILL, J.—This is an action for an injunction brought by the appellant as a taxpayer of Marion County, Indiana, against the board of commissioners, the auditor and treasurer of said county, to enjoin them from expending any sums for the maintenance of the municipal court of Marion County and from paying any further sums to the judges thereof, and to declare ch. 194, Acts 1925 pp. 457-465, unconstitutional. The judges of said court were also made defendants.

The superior court sustained the separate and several demurrers of appellees to appellant's amended complaint. The appellant refusing to plead further, the court rendered judgment on the demurrers in favor of appellees and against appellant, from which ruling the appellant has appealed.

The title to Acts 1925, ch. 194, is as follows:- "An Act entitled an act creating a municipal court in any of the counties of this state wherein is situated an incorporated city containing a population of not less than 300,000 according to the last preceding census of the United States; defining the jurisdiction and practice in said courts; fixing the terms and designating the officers of said courts and providing for appeals; fixing the qualifications of the judges in the said courts, and providing for their appointment; abolishing city courts in cities located in such counties, and repealing all laws and all parts of laws in conflict with the provisions of this act."

The amended complaint alleges that said Municipal Court Act is null and void and unconstitutional because it violates Art. 1, §1, Art. 3, §1, Art. 4, §§1 and 22, and Art. 5, §§1 and 18 of the Constitution of Indiana, in that said act takes from the people of the county of Marion their inherent right to choose the judges of said court by election, and that the Governor, the executive and the legislative departments exceeded their power in authorizing and making the appointments, and that the legislative and executive departments seek to control the judicial department and invade into that department, and that said act is local and special, regulates the practice in courts of justice and regulates the granting of change of venue in civil and criminal cases.

The judicial power of the state shall be vested in a Supreme Court, in circuit courts, and in such other courts as the General Assembly may establish. Art. 7, §1, State Constitution, §168 Burns 1926. The state shall

be divided into as many districts as there are judges of the Supreme Court; and such districts shall be formed of contiguous territory, as nearly equal in population as, without dividing a county, the same can be made. One of said judges shall be elected from each district, and reside therein; but said judges shall be elected by the electors of the state at large. Art. 7, §3, State Constitution, §170 Burns 1926. The state shall, from time to time, be divided into judicial circuits; and a judge for each circuit shall be elected by the voters thereof. Art. 7, §9, State Constitution, §176 Burns 1926. A competent number of justices of the peace shall be elected by the voters in each township in the several counties. Art. 7, §14, State Constitution, §181 Burns 1926. All general elections shall be held on the first Tuesday after the first Monday in November; Provided, That the General Assembly may provide by law for the election of all judges of courts of general and appellate jurisdiction by an election to be held for such offices only, at which time no other officers shall be voted for. Art. 2, §14, State Constitution, §102 Burns 1926. When, at any time, a vacancy shall have occurred in any other state office, or in the office of judge of any court, the Governor shall fill such vacancy by appointment, which shall expire when a successor shall have been elected and qualified. Art. 5, §18, State Constitution, §151 Burns 1926.

There is no constitutional or inherent right to hold office or in citizens to vote. They are political privileges, and the conditions of office holding and of voting must be complied with. If prescribed by the Constitution, they cannot be abridged; if not, the legislature may prescribe them. *State, ex rel.,* v. *Goldthait* (1909), 172 Ind. 210, 218, 87 N. E. 133, and cases cited. In Mechem, Public Officers §145, the following is stated: "The right to vote or to exercise the privilege of the elective franchise is neither a natural,

absolute nor vested right, but is purely conventional and it may be enlarged or restricted, granted or withheld by the constitutional authorities at pleasure and with or without fault."

In *State, ex rel.,* v. *Gerdink* (1909), 173 Ind. 245, 90 N. E. 70, this court said: "Does the constitutional phrase, 'judge of any court,' embrace a judge of the city or municipal court?" Municipal court, as there used, doubtless meant city court. The court held as follows: Under Art. 5, §18, of the Constitution providing that the Governor shall fill any vacancy that may occur "in the office of judge of any court," and §8845 Burns 1908, Acts 1905 p. 219, §218, empowering the mayor to fill vacancies in the office of city judge, the Governor had no right to fill the vacancy in the office of judge of a city court.

Article 6, §2, of the State Constitution provides for the election and term of office of certain county officers. Such other county and township officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law. Art. 6, §3, State Constitution, §160 Burns 1926. All officers whose appointments are not otherwise provided for in the Constitution shall be chosen in such manner as now is, or hereafter may be, prescribed by law. Art. 15, §1, State Constitution, §230 Burns 1926. The legislature may create all municipal offices that it deems necessary, and may provide the method of the appointment or election of their officers. *State, ex rel.,* v. *Gerdink, supra.* In that case, this court said: "It will thus be observed that there is constitutional warrant to create any kind of an office—judicial, executive or administrative—in the smaller governmental divisions that the legislature may deem necessary to the proper administration of local affairs."

The appellant concedes that the legislature had the power to create the court in question, but he claims that

it could not provide for the permanent appointment of judges thereof by the Governor of the state. To support his contention, he has cited among other cases, the following: *State, ex rel.,* v. *Denny, Mayor* (1889), 118 Ind. 382, 21 N. E. 252; *City of Evansville* v. *State, ex rel.* (1889), 118 Ind. 426, 21 N. E. 267; and *State, ex rel.,* v. *Denny, Mayor* (1889), 118 Ind. 449, 21 N. E. 274, 4 L. R. A. 65. In *State, ex rel.,* v. *Mount* (1898), 151 Ind. 679, 51 N. E. 417, this court, in referring to said cases, said: "It was held in those cases that by the section of the constitution referred to (Art. 15, §1) authority is conferred upon the legislature to prescribe by law the manner of electing such officers, but not the power itself to elect them." Some of the other cases cited relate to courts the judges of which must be elected, as clearly stated in the Constitution. These authorities do not convince us that the judges of the municipal court must be elected. In *State, ex rel.,* v. *Grange* (1929), *ante* 506, 165 N. E. 239, this court said: "The use of the word 'municipal' by the legislature, in naming the inferior county court created by the act of 1925, was technically inaccurate." However, this does not impair the validity of the court or the act under which it was created. The appellant correctly says that the name which the legislature saw fit to give the court has little, if any, weight in determining the kind of court that was created. The municipal court is not a court of general or appellate jurisdiction. §2 Municipal Court Act. This court was provided for by the legislature under constitutional authority. It is not one of the courts whose judges, according to the Constitution, must be elected. The constitutional phrase "judge of any court," as used in Art. 5, §18, did not apply to a city judge, as held in *State, ex rel.,* v. *Gerdink, supra,* and does not apply to the judges of the municipal court under consideration. It was within the power of the General

Assembly under Art. 6, §3, and Art. 15, §1, of the state Constitution to provide that the judges of the municipal court should be appointed by the Governor. The Municipal Court Act does not give the Governor any authority over said judges after they are appointed. He cannot remove them nor control them. The act provides that not more than two of said judges shall be appointed from any one political party, and one judge shall be appointed annually. By the act in question there is no seeking to control and invade the judicial department by the legislative and executive departments.

Section 10 of the Municipal Court Act provides that on appeal in any civil case to the Appellate Court, questions of law only shall be reviewed therein. In *Pittsburgh, etc., R. Co.* v. *Hoffman* (1928), *ante* 178, 162 N. E. 403, this court said: "It (the legislature) may designate the amount that may authorize an appeal, and, within reasonable limits, it may prescribe the class of cases in which appeals can be taken, and from what courts or tribunals they may be prosecuted." This section did not violate Art. 3, §1, of the Constitution.

Section 16 of the act provides as follows: "The judges of said municipal court may interchange and hold court for each other and perform each other's duties when requested so to do. No change of venue shall be taken from such court, but any defendant may take a change of venue from any judge thereof and a special judge may be appointed as provided by law relating to changes of venue from the judges of the circuit court." This provision is general and of uniform operation as to all municipal courts which may be established under the act. There can be no valid constitutional objection to the part of this section in regard to change of venue, as same is neither local nor special legislation. The act does not regulate practice

in courts of justice in violation of Art. 4, §22 of the Constitution.

Having carefully examined all the questions presented by appellant, it is held that the court did not err in sustaining the demurrers to the amended complaint.

The judgment is affirmed.