STATE OF INDIANA EX REL. DRAPER, ADMINISTRATOR, ETC. *v.* ROSZKOWSKI, JUDGE, ETC.

[No. 31,002. Filed October 16, 1967.]

*Hodges, Davis, Gruenberg & Draper,* of Gary, for the Relators.

*Albert H. Gavit* and *Max Cohen,* both of Gary, for the Respondent.

LEWIS, J.—The relator sought and obtained an alternative writ of mandate to compel the Lake Superior Court, Room No. 4, to grant relator's motion for change of venue from the

county or to show cause why the writ should not issue. Respondent Judge filed his response denying relator's right to the writ.

The issue arose when the Gary National Bank resigned as executor of the estate of Paul E. Schleicher, deceased, and submitted its final report, and exceptions were filed thereto. The estate had not been fully administered and, therefore, the final report of the executor was not the final report in the estate. Respondent Judge contends that the petitioner is not entitled to a change of venue from the county under Burns' Indiana Statutes, Anno., § 2-1403, [1946 Repl.], which reads as follows:

> *"Decedents' estates—Change of judge or venue—Exceptions.*—In any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action: Provided, however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, or to authorize a change of venue from the county upon the exceptions to the final report of an administrator or executor, and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor."

The relator contends that the foregoing section only applies when the final report of the final administrator or executor is filed; that is to say, if an executor or administrator resigns or for any other reason fails to complete the administration of the estate and is replaced by a subsequent administrator, de bonis non, c.t.a., the foregoing section, Burns', § 2-1403, cannot be interpreted to cover the final report of such resigning executor or administrator.

The right to change of venue is statutory. The Respondent Judge concluded that he was powerless to grant a change of

venue from Lake County because of the language of Burns', § 2-1403, supra. We conclude that the relator misinterprets the foregoing statute. The last clause of the statute reads as follows:

"* * * and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor."

It is quite clear to us that this statutory language is all encompassing as far as to final reports of personal representatives. The language does not limit a situation as relator would argue, to the final accounting in the estate; but, rather applies to the final accounting of *an administrator or executor.* (our emphasis) There could be several final accountings, possibly, of successive administrators or executors in one estate, and we believe the foregoing statute properly encompasses all such accounts. The legislative intent of this section was obviously to give the Court granting the letters exclusive jurisdiction of exceptions to all matters and issues which had arisen during the administration of the estate under the administrative jurisdiction of the judge issuing the letters. Burns' Indiana Statutes, Anno., § 6-151, [1953 Repl.], reads as follows:

"* * * The court granting the letters shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estate whereon said letters shall have been granted."

Relator says that this is a case of first impression in this State. We have been unable to find any case law specifically interpreting the words "final report" in Burns', § 2-1403, supra. We believe, however, there is the absence of such case law because the statute is sufficiently clear to be all inclusive of the final report of any personal representative in an estate. In other words, our determination must be whether or not the word "final" in the foregoing statute, applies to the last report of a personal representative

or the last report in an estate. In order to carry out the legislative intentment, it appears obvious that we must conclude that the word is descriptive of that report which is filed by a particular personal representative.

Relator has cited *Evers* v. *Thompson* (1943), 114 Ind. App. 495, 51 N. E. 2d 889, for the proposition that final report means a report filed by an executor or administrator which results in the termination of the estate proceedings. The foregoing case concerns the limitation on the time for filing claims against an estate and certainly is not a construction of the statute here involved. *The State, ex rel. Coleman,* v. *Peckham et al* (1894), 136 Ind. 198, 36 N. E. 28, cited by the relator deals with ex parte orders on final reports, and we believe, is not helpful in the case at bar.

In the instant case notice was given and the ruling of the Court on the account filed by the executor will be final because it is then taken out of the ex parte category and had become adversary.

We conclude that Burns', § 2-1403, supra, denies changes of venue on the "final report" of an executor or administrator. The statute does not restrict itself to the final account of the final administrator in the estate.

The alternative writ of mandate heretofore issued is dissolved and a permanent writ is denied.

Hunter, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 296.