**STATE of Indiana on the relation of Richard Gordon HATCHER, Mayor of the City of Gary; Charles Ruckman, Controller of the City of Gary; and the City of Gary, Relators,**

v.

**The LAKE SUPERIOR COURT, ROOM THREE, and the Honorable James Danikolas, as Judge thereof, Respondents.**

No. 45S00–8608–OR–731.

Supreme Court of Indiana.

Dec. 2, 1986.

Alton L. Gill, Jr., Gary, for relators.

Nathaniel Ruff, Merrillville, (Ellen S. Podgor, Crown Point, for purposes of mandate only), for Judge Charles Graddick and the Gary City Court.

PIVARNIK, Justice.

Relators apply for a Writ of Mandamus and Prohibition for the purpose of having this Court direct Respondent to grant Relators' Motion For Change of Venue From The County.

On July 11, 1986, Plaintiffs filed a lawsuit against Relators in the Lake Superior Court pursuant to Ind.Code § 36–4–4–5 (Burns 1981). Plaintiffs are the Gary City Court and Charles Graddick, Judge of the Gary City Court. Plaintiffs alleged in their lawsuit that Relator, Richard Gordon Hatcher, Mayor of the City of Gary, follows the practice of reviewing the budget proposed by Judge Graddick for the Gary City Court, and revises the budget before its submission to the Gary Common Council. It is Plaintiff's contention that such actions by the Executive Branch of the government on the budget of the Judicial Branch is illegal. Plaintiffs sought temporary and permanent injunctions prohibiting Relators from engaging in such actions. Relators then filed for a change of venue from Lake County persuant to Ind.R.Tr.P. 76. The Honorable James Danikolas, Respondent herein, denied Relators' Motion For Change of Venue, and this Original Action ensued.

All parties agree the Plaintiffs' suit was brought pursuant to Ind.Code § 36–4–4–5 (Burns 1981). Chapter Four of Title 36 of the Indiana Code is concerned with the division of powers of cities. Section 1 of the Chapter sets out the application of the chapter, Section 2, the division of powers, Section 3, the exercise of executive powers, and Section 4, the exercise of legislative powers. Section 5 provides as follows:

"36–4–4–5. *Determination of nature of powers-Parties-Costs.* (a) If uncertainty exists or a dispute arises concerning the executive or legislative nature of

a power or duty exercised or proposed to be exercised by a branch, officer, department, or agency of the government of a city, a petition may be filed in the circuit court of the county in which the city is located by the city executive, the president of the city legislative body, or any person who alleges and establishes to the satisfaction of the court that he is or would be adversely affected by the exercise of the power; *however, in a county having a superior court that has three [3] or more judges, the petition shall be filed in the superior court and shall be heard and determined by the court sitting en banc.* (emphasis added)."

Ind.Code § 36–4–4–5(a) (Burns 1981). The question is whether the Respondent Court was under a duty to automatically grant Relators' Motion for Change of Venue pursuant to Ind.R.Tr.P. 76(1), and whether it exceeded its jurisdiction in refusing to do so.

 It is fundamental, and all parties agree, Indiana law makes a distinction between the substantive and procedural aspects of a change of venue from a judge or county. The substantive right to a change of venue can be granted only by the Legislature. *State ex rel. Blood v. Gibson Circuit Court* (1959), 239 Ind. 394, 400, 157 N.E.2d 475, 478, *reh. denied; State ex rel. Draper v. Roszkowski* (1967), 248 Ind. 590, 591, 230 N.E.2d 296, 297; *State ex rel. Wade v. Cass Circuit Court* (1983), Ind. 447 N.E.2d 1082. This has been done by the Legislature in Ind.Code § 34–1–13–1 (Burns 1973), which sets out the substantive requirements for a change of venue. The statute in general provides that in all civil actions, a change of venue shall be granted provided other provisions of the sections are satisfied. The time, manner, and method of exercising this right, once it is conferred, lies with this Court in our rule making power, *State ex rel. Blood, (supra )*, and is articulated in Ind.R.Tr.P. 76.

It is Respondents' contention that by providing in Ind.Code § 36–4–4–5(a) that, "... in a county having a superior court that has three or more judges, the petition shall

be filed in the superior court and shall be heard and determined by the court.", the Legislature intended that the superior court of the county was to try the cause and therefore a change of venue would not be available. Although Ind.Code § 34–1–13–1 (Burns 1973) generally provides for the substantive right to a change of venue from the county in all civil actions, Ind. Code § 36–4–4–5 (Burns 1981) specifically takes away the right in suits arising under that statute. It follows then from this line of reasoning, that Ind.R.Tr.P. 76 does not apply.

 Under our rules of statutory construction, it cannot be presumed the General Assembly intended language used in a statute to be applied in an illogical manner. *Indiana State Highway Commission v. Bates and Rogers Construction, Inc.* (1983), Ind.App., 448 N.E.2d 321, 324; *Frost v. Review Board of Indiana Employment Security Division* (1982), Ind. App., 432 N.E.2d 459, 461. Nor can it be presumed the Legislature intended to do an absurd thing or to enact a statute that has useless provisions, the effect of which can easily be avoided. *Northern Indiana Bank & Trust Co. v. State Board of Finance of Indiana* (1983), Ind., 457 N.E.2d 527, 532. Another rule of statutory construction is that a more detailed and specific statute prevails over a more general statute when the two conflict. *Sanders v. State* (1984), Ind., 466 N.E.2d 424, 428.

 In *Bird v. Delaware-Muncie Metropolitan Plan Commission* (1981), Ind. App., 416 N.E.2d 482, the Court of Appeals interpreted Ind.Code § 18–7–5–95 (Burns 1976), which had to do with the powers and duties of the Plan Commission and the Board of Zoning Appeals with regard to enforcing zoning orders. That statute directly stated: "A change of venue from the county shall not be granted in such a case." *Id.* The Court of Appeals found that the trial court properly denied the Motion for Change of Venue since the statute specifically disallowed such right. *Bird* at 486. Although the language used by the Legislature in Ind.Code § 36–4–4–5(a) is not as

clear and direct, the language would appear to have little or no meaning, or purpose, if we interpreted it other than to require that the suit be tried in the county where the suit originated, by the superior court of that county sitting *en banc.* Lake County is one in this State that has a multiple Superior Court, composed of five sitting judges. It is reasonable to presume the Legislature determined that any perceived prejudice a party or his counsel may see in trying a matter before a particular judge, would be eliminated where three (3) or more judges decide the legal issue without the intervention of a jury. Thus, the potential problems giving rise to the need for a change of venue would not be present.

▪ Further, it is important to note the Legislature provided that the complaint *shall* be filed in the superior court, it *shall* be heard and determined by that court, and it *shall* be heard and determined by all of the judges of that court. Ind.Code § 36-4-4-5(a) (Burns 1981). When the word "shall" is used in a statute, it is presumed to be used in its imperative or mandatory sense. *State ex rel. Land v. Bd. of Trustees of Spring Valley School Corp.* (1982), Ind.App., 430 N.E.2d 791, 794, *trans. denied; Perry Township v. Hedrick* (1981), Ind.App., 429 N.E.2d 313, 317.

If we interpret the venue provision of Ind.Code § 36-4-4-5(a) to mean a change of venue from the county can be taken in any case arising under this statute, then the venue provision becomes totally meaningless because every facet of it can be avoided. The granting of a request for a change of venue voids the entire mandatory scheme set forth in the statute. We find that the Legislature would not intend such a meaningless result given the clear language used in the statute.

Accordingly, Relators' Petition For Writ of Mandamus and Prohibition is denied.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

SHEPARD, J., dissents without opinion.