**SUPERIOR CONSTRUCTION COMPANY, Appellant (Defendant Below),**

v.

**Gary CARR and Ronda Carr, Krissandra Carr, Brittany Carr and Sean Carr, Minors b/n/f Ronda Carr, Appellees (Plaintiffs Below).**

No. 45A04–8908 CV 345.

Court of Appeals of Indiana, Fourth District.

Feb. 28, 1990.

Rehearing Denied April 3, 1990.

Gregory R. Lyman, Terence M. Austgen, Singleton, Levy & Crist, Munster, for appellant.

Steve Lustina, Merrillville, for appellees.

CONOVER, Judge.

Defendant–Appellant Superior Construction Co. (Superior) takes this interlocutory appeal from the trial court's denial of its motion for change of venue from Lake County and its alternative motion to limit the Lake Superior Court, County Division's monetary jurisdiction or transfer the cause to the Lake Superior Court, Civil Division, to afford Superior an opportunity to take an automatic change of venue from the county.

We affirm.

The issues presented by this appeal are:

1. whether the trial court erred by denying Superior's timely motion for change of venue from Lake County;

2. whether IND.CODE 33–5–29.5–16(4) is unconstitutional under Article 4 § 22 of the Indiana Constitution; and

3. whether that statute contravenes the Indiana Supreme Court's rule making authority regarding changes of venue from the county.

Plaintiffs–Appellees Gary and Ronda Carr, and their children b/n/f filed a personal injury action against Superior in the Lake Superior Court, County Division, with the court's authority. The complaint seeks damages in excess of $10,000.

Superior appeared, filed answer, a motion for change of venue from the county, and an alternative motion to limit the trial court's jurisdiction to $10,000 or, in the alternative, to transfer the cause to the Lake Superior Court, Civil Division, so that it could obtain a change of venue from Lake County under Ind. Trial Rule 76. The trial court denied the motion for change of venue and both alternatives of the other motion. Superior appeals.

Superior first argues the trial court erred when it denied Superior's motion for change of venue from the county. It claims I.C. 33–5–29.5–16(4) contravenes T.R. 76's grant of automatic change of venue. To put our discussion in context, we must first trace the genesis of the Lake Superior Court, County Division.

Prior to 1970, Justices of the Peace were constitutional officers under Article 7, Sec. 14 of the Indiana Constitution. When that article was amended in 1970, however, Justices of the Peace were nowhere mentioned and that office was, therefore, abolished.

In 1971, the Legislature added "Article 5.5 County Courts" to Title 33 of the Indiana Code, creating a County Court for Hancock County, and in 1974 created one for Hendricks County. In 1975, however, the Legislature enacted a comprehensive County Court Law as I.C. 33–5.5–1–1, et seq., repealing the special act regarding

Hancock and Hendricks Counties but providing the judges of those courts would be holdover judges of the new county courts created under the newly enacted general law. Its purpose was "to create a new court known as the county court to replace justice of the peace courts." I.C. 33–10.5–1–2, as added by Acts 1975, P.L. 305, Sec. 48, p. 1667.

The 1975 general County Court Law provided

Chapter 2. Organization of Court System.

Sec. 1. (a) There is hereby created the county court system in Indiana. A county court is created in each county ... having a population of more than five hundred thousand (500,000) but less than seven hundred thousand (700,000) according to the most recent federal census

....

INDIANA ACTS 1975, Sec. 48, p. 1683–4. Marion and Lake were the only Indiana counties which fitted the quoted population parameter in 1975. Lake County's population was 546,253 according to the 1970 federal census. The Lake Superior Court had theretofore been established in 1973, cf. I.C. 33–5–29.5–1, et seq.

In 1977, the County Court Law was amended to read

Sec. 7. The county court of the following county has three (3) judges:

Lake county.

I.C. 33–10.5–1–7, as added by Acts 1977, P.L. 315, Sec. 21.

In 1988, the Lake Superior Court Act was amended to create a county division, I.C. 33–5–29.5–21(a), with 3 judges to sit therein, *Id.* at (b). Also, Sec. 7 of the County Court law was amended to provide

Sec. 7. Notwithstanding section 4 of this chapter, Lake County does not have a county court. However, the county division of the superior court of Lake County shall maintain the dockets described in IC 33–10.5–7–1.

I.C. 33–10.5–1–7. Those dockets are

.     .     .     .     .

(1) An offenses and violations docket.

(2) A small claims docket....

(3) A plenary docket for all other civil cases.[1]

I.C. 33–10.5–7–1. Thus, at the time the Carrs filed their complaint against Superior in 1989, no Lake County Court existed. The Lake Superior Court, County Division, handled all matters assigned to county courts in other counties, including matters assigned to the plenary docket. Finally, the Lake Superior Court Act was amended to provide

Sec. 16. All laws of the state and rules adopted by the supreme court of Indiana governing the circuit courts of this state apply to the superior court. However:

.     .     .     .     .

(4) there is *no change of venue from the county as of right in cases in the county division of the court.* (Emphasis supplied.)

I.C. 33–5–29.5–16, as amended by P.L. 176–1988, Sec. 7.

■ In *State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, a mandate action to obtain a change of venue from Lake County, Justice Pivarnik stated:

It is fundamental, ..., Indiana law makes a distinction between the substantive and procedural aspects of a change of venue from a judge or county. *The substantive right to a change of venue can be granted only by the Legislature.* (citing cases) ... The time, manner, and method of exercising this right, once it is conferred, lies with this Court in our rule making power, ..., and is articulated in Ind.R.Tr.P. 76. (Emphasis supplied.)

*Hatcher,* 500 N.E.2d at 739. Thus, the trial court correctly overruled Superior's motion for change of venue from Lake County because no substantive right to such change existed at the time.

■ Superior next claims I.C. 33–5–29.5–16(4) which denies litigants an automatic change of venue from the county as to

---

**1.** PLENARY means "[f]ull, entire, complete, absolute, perfect, unqualified." Black's Law Dictionary, Revised Fourth Edition, West Publishing Co., 1968.

cases pending in the county division violates Art. 4, Sec. 22 of the Indiana Constitution. We disagree. Section 22 of the legislative article reads in part:

Sec. 22. The General Assembly shall not pass local or special laws:

.  .  .  .  .

providing for changing the venue of civil and criminal cases. . . .

This section is generally read in conjunction with Art. 4, Sec. 23, which provides:

Sec. 23. In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State.

■ Sec. 16(4) of the Lake Superior Court Act stands before the courts cloaked with a presumption of constitutionality. *B & M Coal Corp. v. United Mine Workers* (1986), Ind., 501 N.E.2d 401, 403. Statutes are to be construed in harmony with existing law and as part of a general and uniform system of jurisprudence. *Pea v. Pea* (1986), Ind.App., 498 N.E.2d 110, 114, *reh. denied, trans. denied.* To that end, we are to examine statutes which cover the same subject matter, so as to determine the spirit of the questioned legislation and to give all such statutes harmonious meanings. *Thompson v. Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657, 661; see, also, *Matter of Public Law 305 and Public Law 309* (1975), 263 Ind. 506, 334 N.E.2d 659.

In doing so, we find the County Court Act says

There is no change of venue from the county as of right in cases in the county court. . . .

I.C. 33–10.5–7–3. When this section and Sec. 16(4) are read together, it is clear all persons who seek changes of venue from the county in courts having small claims, misdemeanor and plenary dockets in our state including those of its members subject to the jurisdiction of the Lake Superior Court's County Division, are uniformly affected. They are denied such changes. Thus, Sec. 16(4) is not a local and special

law which violates Article 4 § 22 of the Indiana Constitution.

Finally, Superior claims the trial court's refusal to grant a change of venue from Lake County violates T.R. 76 because it is the obligation of the trial judge to grant such motion when it is timely filed with the court, citing *State ex rel. Bicanic v. Lake Circuit Court* (1973), 260 Ind. 73, 292 N.E.2d 596, 598. We disagree.

In *Bicanic,* our Supreme Court said a party cannot avail himself of mandamus in order to compel a lower court to rule contrary to the provisions of a Supreme Court rule, there T.R. 76. In *Bicanic,* however, the legislature had granted a substantive right to a change of venue from the county to the class to which respondent belonged. Not so in the case before us. The substantive right to such change does not exist as to cases filed in the County Division of that court due to the 1988 amendment to Sec. 16(4). Without that substantive right, the provisions of T.R. 76 dealing with the mechanics of such changes do not apply. *State ex rel. Hatcher, supra,* 500 N.E.2d at 739.

Superior further argues, however, it was the General Assembly's intent to uniformly grant an automatic change of venue from the county in "any personal injury suit which exceeds the County Court jurisdictional level, which is currently Ten Thousand Dollars ($10,000.00)." (App'ts Brief p. 18.) We believe quite the contary is true. Only the provisions of I.C. 33–10.5–7–1 regarding dockets were incorporated by reference into the Lake Superior Court Act regarding its County Division. I.C. 33–10.5–3–1's jurisdictional restrictions were not. I.C. 33–10.5–7–1's monetary limitations apply only to its small claims docket as to damage claims and landlord-tenant possessory actions. They are limited to a maximum $3,000. The "plenary docket for all other civil cases" is not limited by dollar amount therein. Further, the Lake Superior Court Act limits neither the court's jurisdiction generally nor the County Division's jurisdiction specifically by maximum dollar amount. That Act's jurisdictional grant provides

Sec. 4. (a) The superior court, within and for the county of Lake:

(1) has the same jurisdiction as the Lake circuit court in all civil ... matters whether original or appellate;

....

I.C. 33–5–29.5–4.

 Because the County Division's jurisdiction is not limited by dollar amount either by the incorporated provisions of the County Court Act or the Lake Superior Court's jurisdictional grant, the County Division has subject matter jurisdiction of cases filed of record on its plenary docket which seek damages in excess of $10,000 even though the legislature has taken away the substantive right to an automatic change of venue from the county as to cases pending on such docket. T.R. 76's procedural provisions do not apply to such cases. *Id.*

Affirmed and remanded for further proceedings consistent with this opinion.

CHEZEM, P.J., and BUCHANAN, J., concur.