SUPERIOR CONSTRUCTION COMPANY, Appellant (Defendant Below),

v.

Gary CARR and Ronda Carr, Krissandra Carr, Brittany Carr and Sean Carr, Minors b/n/f Ronda Carr, Appellees (Plaintiffs Below).

No. 45S04–9012–CV–806.

Supreme Court of Indiana.

Dec. 27, 1990.

Gregory R. Lyman, Terence M. Austgen, Singleton, Levy & Crist, Munster, for appellant.

Steve Lustina, Donald P. Levinson, Merrillville, for appellees.

SHEPARD, Chief Justice.

The question is whether the Lake Superior Court, County Division, properly denied Superior Construction Company's motion for change of venue in a civil suit with potential damages in excess of $10,000. We hold that Ind.Code § 33–5–29.5–16(4) (West Supp.1990) validly prohibits change of venue as of right from the County Division. The jurisdiction of the County Division in civil tort cases, however, is limited by Ind.Code § 33–10.5–3–1 (West Supp. 1990) to cases in which the damages claimed do not exceed $10,000. Therefore, the trial court should have either placed a $10,000 cap on the damages requested by the plaintiffs or ordered the case transferred to the Lake Superior Court, Civil Division.

On April 4, 1989, the Carrs filed a tort action in the Lake Superior Court, County Division, against Superior Construction Company. Plaintiffs sought damages in excess of $10,000. Defendant requested a change of venue from the county pursuant to Ind.Trial Rule 76. In the alternative, Superior requested that the County Division cap the plaintiffs' potential recovery at $10,000, claiming this amount was the jurisdictional limit of the County Division.

On July 13, 1989, the trial court found that the County Division has general jurisdiction over all civil matters pursuant to Ind.Code § 33–5–29.5–4(a)(1) (West Supp. 1990). The trial court further found that there is no change of venue from the County Division as of right, under Ind.Code § 33–5–29.5–16(4), and denied the defendant's request for a change. The trial court certified its ruling as an appealable interlocutory order pursuant to Ind.Appellate Rule 4(B)(6)(b).

The Court of Appeals affirmed the trial court. *Superior Constr. Co. v. Carr* (1990), Ind.App., 550 N.E.2d 805. It held, first, that Ind.Code § 33–5–29.5–16(4) denied litigants an automatic change of venue from the County Division; second, that this denial was not a local or special law that violated article 4, § 22 of the Indiana Constitution inasmuch as no other county court in the state affords an automatic change of venue; and, third, that the jurisdiction of the County Division was general and not limited in dollar amount under Ind.Code § 33–5–29.5–4 (West Supp.1990). We grant Superior's petition for transfer.

Two portions of the Indiana Code govern Superior's claim to an automatic change of venue: Ind.Code §§ 33–5–29.5–1 to –70 (West 1983 & Supp.1990), establishing the Lake Superior Court system, including the

County Division, and Ind.Code §§ 33–10.5–1–1 to –9–8. (West 1983 & Supp.1990) establishing the county court system for the rest of the state.

Indiana Code § 33–5–29.5–1 (West 1983) creates the superior court in Lake County. Indiana Code § 33–5–29.5–4 (West Supp. 1990) grants general jurisdiction to that superior court, giving it the "same jurisdiction as the Lake Circuit Court in all civil and probate cases and matters whether original or appellate." Chapter 29.5 also contains provisions specifically directed to the County Division. Indiana Code § 33–5–29.5–21(b) (West Supp.1990) establishes the County Division with three judges. Finally, Ind.Code § 33–5–29.5–16(4) provides that "there is no change of venue from the county as of right in cases in the county division of the court."

While the chapter creating the Lake Superior Court could have completely defined the terms for the creation of a unique County Division, the legislature instead chose to make additional reference to the Lake Superior Court, County Division, within the code article creating county courts generally. Indeed, those portions of the chapter on the Lake Superior Court regarding the County Division even refer specifically to the county court section of the code. Ind.Code § 33–5–29.5–16(3) (West Supp.1990).

The county court section at Ind.Code § 33–10.5–1–4 (West Supp.1990) dictates that a "county court is established in each county," except as otherwise provided. Each of these county courts is a court of limited jurisdiction under Ind.Code § 33–10.5–3–1(a) (West Supp.1990):

The county court has the following jurisdiction:

(1) Original and concurrent jurisdiction in all civil cases founded on contract or tort in which the debt or damage claimed does not exceed ten thousand dollars ($10,000).

(2) Original and concurrent jurisdiction in possessory actions between a landlord and tenant and original exclusive jurisdiction in actions for the possession of property where the value of the property sought to be recovered does not exceed ten thousand dollars ($10,000).

(3) Original and concurrent jurisdiction of all Class D felony, misdemeanor, and infraction cases.

(4) Original and concurrent jurisdiction of cases involving the violation of ordinances of cities, towns, or other municipal corporations.

(5) Original and concurrent jurisdiction of cases involving violations of ordinances which relate to traffic.

These courts do not allow change of venue as of right. Ind.Code § 33–10.5–7–3 (West Supp.1990).

The Lake County exception to the general county court statute, Ind.Code § 33–10.5–1–7, states: "Notwithstanding section 4 of this chapter, Lake County does not have a county court. However, the county division of the superior court of Lake County shall maintain the dockets described in IC 33–10.5–7–1." These dockets are:

(1) An offenses and violations docket.

(2) A small claims docket for:

(A) all cases where the amount sought or value of the property sought to be recovered is three thousand dollars ($3,000) or less; the plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of his claim over three thousand dollars ($3,000) to bring it within the jurisdiction of the small claims docket; and

(B) all possessory actions between landlord and tenant in which the rent due at the time the action is filed does not exceed three thousand dollars ($3,000).

(3) A plenary docket for all other civil cases.

Ind.Code § 33–10.5–7–1 (West Supp.1990).

■ Before we can determine whether the defendant is entitled to a change of venue from the County Division as of right pursuant to T.R. 76, it is necessary to understand what the legislature intended by enacting two distinct code chapters con-

cerning the County Division. *Cf. In re Public Law No. 305 & Pub. Law No. 309 of the Ind. Acts of 1975* (1975), 263 Ind. 506, 334 N.E.2d 659 (analyzing validity of court reform statutes by considering statutes taken as a whole as reflection of legislative intent). Courts do not interpret statutes which are clear and unambiguous on their face. "Where a statute is susceptible to more than one interpretation, however, the court may consider the consequences of a particular construction." *P.B. v. T.D.* (1990), Ind., 561 N.E.2d 749, 750 (citation omitted). Our objective in statutory construction is to determine and implement the intent of the legislature.

■ Superior argues that the jurisdiction of the County Division in civil tort actions should be limited to cases with claimed damages of $10,000 or less. We agree. The intent of the legislature in creating the County Division was to limit the court's jurisdiction to those cases listed in § 33–10.5–3–1. Three different paths lead us to this conclusion: one jurisprudential, one structural, and one based on statutory language.

■ First, as a matter of jurisprudence, we do not decide cases upon constitutional grounds when they can be decided upon other grounds. *Bureau of Motor Vehicles v. Scott* (1986), Ind., 497 N.E.2d 557, 559. Here, the legislature either intended to grant the County Division general jurisdiction under § 33–5–29.5–4, or limited jurisdiction under § 33–10.5–3–1. If we read the jurisdictional grant as the plaintiff suggests, the County Division has general jurisdiction under § 33–5–29.5–4 and no change of venue as of right. This reading poses a substantial constitutional question under the Indiana Constitution, article 4, §§ 22–23. *Mosley v. Board of Commr's* (1929), 200 Ind. 515, 165 N.E. 241 (prohibition against special or local laws suggests that enactments on change of venue should be generally applicable). A finding that the County Division was granted only limited jurisdiction eliminates any constitutional question: The County Division has no change of venue as of right but only limited jurisdiction, the same provisions as all other county courts in the State. The change of venue limitation in § 33–5–29.5–16(4) therefore is not special legislation which violates the Indiana Constitution, article 4, § 22. We so find.

Second, a structural analysis also demonstrates that the legislature intended to create a County Division with the limited jurisdiction defined in Ind.Code § 33–10.5–3–1. If its goal was to create a unique court with general jurisdiction and no change of venue, the legislature could have confined its discussion of the County Division to Ind.Code §§ 33–5–29.5–1 to –70, the chapter creating the Lake Superior Court and the County Division. Instead, as outlined above, the enactments concerning the County Division are evenly divided between the chapter on the Lake Superior Court and the article on the county courts. The chapter and article refer to each other regarding key aspects of the County Division. This structure suggests the legislature intended for the County Division to resemble the county courts in its essential elements. Creating a court of general jurisdiction would not achieve this result. We think it much more likely that the legislature intended to limit the County Division's jurisdiction according to Ind.Code § 33–10.5–3–1.

■ Third, an analysis of statutory language also leads us to think that the legislature intended to limit the County Division's jurisdiction. "Under our rules of statutory construction, it cannot be presumed the General Assembly intended language used in a statute to be applied in an illogical manner." *State ex rel. Hatcher v. Lake Superior Court, Room Three* (1986), Ind., 500 N.E.2d 737, 739. In interpreting statutes, we attempt to prevent absurdity and hardship and to advance the public convenience. *P.B. v. T.D.*, 561 N.E.2d at 750; *Walton v. State* (1980), 272 Ind. 398, 398 N.E.2d 667.

As noted above, the county court statute states: "*Notwithstanding* section 4 of this chapter, Lake County does not have a county court. *However*, the county division of the superior court of Lake County shall maintain the dockets described in IC 33–

10.5–7–1." Ind.Code § 33–10.5–1–7 (emphasis added). The juxtaposition of "notwithstanding" and "however" demonstrate that although the County Division is not a county court per se, the legislature intended that the dockets of the County Division would be the same as those maintained by the county courts.

Among the dockets maintained by the county courts is a civil plenary docket. Ind.Code § 33–10.5–7–1(3). If the legislature intended to grant the County Division general jurisdiction under Ind.Code § 33–5–29.5–4, the County Division's plenary docket would be radically different from that maintained by all other county courts with limited jurisdiction. This makes no sense given the express language in Ind. Code § 33–10.5–1–7. In directing that the County Division maintain the same dockets as county courts, the legislature also intended that the County Division be granted the same jurisdiction as the county courts.

■ Given that the County Division possesses the same limited jurisdiction granted to the county courts, we must ask whether the trial court erred in failing to grant defendant's motion for an automatic change of venue. Indiana Code § 33–5–29.5–16(4) (West Supp.1990) provides "there is no change of venue from the county as of right in cases in the county division of the court." Similarly, no other county court in the state allows a change of venue as of right. The legislature may uniformly limit the availability of change of venue in courts of limited jurisdiction. *See Hammond City Court v. State ex rel. Hofbauer* (1965), 247 Ind. 300, 208 N.E.2d 682. The trial court correctly held that no change of venue as of right may be obtained from the Lake Superior Court, County Division.

■ The opinion of the Court of Appeals is vacated. The trial court is affirmed with respect to change of venue but reversed as to the jurisdictional limit. The case is remanded to the trial court with instructions either to cap the plaintiff's request for damages at $10,000 or to order the case transferred to the Lake Superior Court, Civil Division, where change of venue remains available.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.