

FILED

Feb 28 2018, 7:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

William Bock, III
Christopher H. Park
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances H. Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charlynn G. Hulse,

*Appellant-Plaintiff,*

v.

Indiana State Fair Board,

*Appellee-Defendant.*

February 28, 2018

Court of Appeals Case No.
49A05-1611-PL-2654

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No.
49D03-1511-PL-37702

**Pyle, Judge.**

## Statement of the Case

[1] Charlynn G. Hulse ("Hulse") appeals the trial court's grant of summary judgment in favor of the Indiana State Fair Board ("Fair Board") on her complaint for declaratory and injunctive relief. She argues that the trial court

erred when it granted summary judgment in favor of the Fair Board because a condition for participating in the State Fair's china painting competition violates her First Amendment right to free speech. Because we conclude that Hulse does not have standing to raise her First Amendment claim and does not have a ripe overbreadth claim, we affirm the trial court's grant of summary judgment.

[2] We affirm.

## Issue

Whether the trial court erred when it granted summary judgment in favor of the Fair Board.

## Facts

[3] The Fair Board administers Indiana's annual State Fair, including the fair's Home and Family Arts Department's fine arts competitions. In order to exhibit at the State Fair and compete in the fine arts competitions, participants must agree to the "General Terms and Conditions" ("Terms and Conditions") listed in the fair's entry book and follow the individual rules for each competition. (App. Vol. 2 at 24). General Principle number 6 ("General Principle 6") of the Terms and Conditions states that "No exhibitor may take exception to the decisions of an official and/or judge in an unprofessional and/or public manner nor shall any exhibitor or person representing the exhibitor interfere with or show disrespect to any judge or show official." (App. Vol. 2 at 26). An

exhibitor that takes exception to the decisions of an official or judge must, instead, follow the fair's established procedure for filing a grievance.[1]

[4] Hulse regularly exhibited in the State Fair's fine arts competitions for several years. During this time, she believed that she witnessed several exhibitors violate the fair's china painting competition rules by entering copied, rather than original, work and by violating the rules in other respects. In 2014, Hulse discussed these violations with Fair Board member Douglas W. Huntsinger ("Huntsinger"). However, she did not file a written grievance or pay the $500 filing fee required for an official grievance; nor did Huntsinger act on her complaints.

[5] Subsequently, Hulse saw the following statement in the Indiana World Organization of China Painters' ("IWOCP") September 27, 2014 meeting minutes:

> The person in charge of the china [p]ainting exhibit at the State Fair had a complaint from an individual that some of the china painting exhibits were copies. The complaint was dismissed because of insufficient evidence. The State Fair people are going to document future complaints and this particular individual may be banned from the State Fair if the complaints become a nuisance. The rules for non-professional pieces are more lenient. Regina reported that the State Fair exhibit and demonstrations went well.

---

[1] Among other requirements, an official grievance must be "presented in writing" and "accompanied by a $500 cash or money order made out to the Indiana State Fair." (App. Vol. 2 at 27).

(App. Vol. 2 at 124). Hulse filed a public record request asking for documentation of "[a]ny grievances, complaints, or other similar documents, filed or attempted to be filed," in the 2014 State Fair china painting competitions. (App. Vol. 2 at 148). She received a response that no records matched her request because no grievances had been filed in 2014.

[6] In the summer of 2015, Hulse again participated in the State Fair and again thought she witnessed several china painting competition rule violations, as well as unethical judging practices. As a result, she filed an official written grievance with the Fair Board on August 21, 2015. Huntsinger responded to the grievance, telling her that he refused to accept it because it was untimely. Over the next month, Hulse exhausted her administrative appeal remedies and then filed a petition for judicial review.

[7] While her petition for judicial review in that cause was pending, Hulse filed a complaint in the instant cause seeking a declaratory judgment that General Principle 6 of the Terms and Conditions is unconstitutional. She also sought preliminary and permanent injunctions preventing the State Board from enforcing General Principle 6. In her complaint, Hulse argued that General Principle 6 is a content-based restriction on her right to free speech that is unconstitutional under the First Amendment of the United States Constitution because it is not narrowly tailored to serve a compelling government interest.

[8] On December 30, 2015, Hulse filed a motion for summary judgment on her complaint. In support of this motion, Hulse designated an affidavit in which

she averred that, when she had discussed her grievances with Huntsinger in 2014, he had told her not to pay the $500 filing fee required for a formal grievance and that he would handle the issues she had raised. She believed that this discussion with Huntsinger was the complaint mentioned in the IWOCP minutes because her public records request had revealed that no one else had filed any grievances regarding the china painting competitions in 2014. As a result, she claimed that the IWOCP's minutes demonstrated that she faced the prospect of being banned from participation in the State Fair if she exercised her right to free speech by criticizing the judging in the china painting competitions.

[9]     On March 23, 2016, the Fair Board filed a response in opposition to Hulse's motion for summary judgment, as well as a cross-motion for summary judgment. The Board argued, in relevant part, that General Principle 6 does not violate the First Amendment because it is content-neutral and narrowly tailored to serve a compelling state interest.

[10]     In support of its cross-motion for summary judgment, the Fair Board designated an affidavit from Huntsinger. In the affidavit, Huntsinger averred that he had not been "required" to act on Hulse's attempted 2014 grievance because she had never filed a formal, written grievance. (App. Vol. 2 at 171). He said that Hulse had "led [him] to believe that she would put her suggested edits to the rules in writing and send them to [him]" but had not done so in spite of "multiple" follow-up requests. (App. Vol. 2 at 171-72). As for the IWOCP's minutes, Huntsinger "strongly refuted" that any State Fair staff or Board members had made any comments to the IWOCP about a person filing a

complaint during the 2014 state fair. (App. Vol. 2 at 172). Further, Huntsinger averred that the State Fair had never directly or indirectly threatened to ban Hulse from exhibiting at the fair.

On November 6, 2016, the trial court entered an order granting summary judgment in favor of the Fair Board. The trial court concluded that Hulse had waived her constitutional rights by agreeing to be bound by the Terms and Conditions when she entered the china painting competitions. In addition, the trial court also addressed the merits of Hulse's claim and concluded that General Principle 6 does not violate the First Amendment because it is content-neutral and narrowly tailored to serve a compelling state interest. Hulse now appeals.

# Decision

On appeal, Hulse argues that the trial court erred in granting summary judgment in favor of the Fair Board. She requested in her motion for summary judgment for the trial court to issue a declaratory judgment that General Principle 6 is unconstitutional, and the Fair Board filed a cross-motion for summary judgment arguing that it was entitled to judgment as a matter of law because Hulse had waived her constitutional rights and because General Principle 6 is not unconstitutional. Now, Hulse contends that the Fair Board failed to prove that it was entitled to judgment as a matter of law. In response, the Fair Board argues, among other arguments, that the trial court did not err in concluding that it was entitled to judgment as a matter of law because Hulse lacked standing to raise her claim.

[13]    We review an order for summary judgment de novo, which is the same standard of review applied by the trial court. *Miller v. Town Bd. of Sellersburg*, 88 N.E.3d 217, 218 (Ind. Ct. App. 2017). The moving party must "'affirmatively negate an opponent's claim' by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Ind. Restorative Dentistry, P.C. v. Laven Ins. Agency, Inc.*, 27 N.E.3d 260, 264 (Ind. 2015)). The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.*

[14]    Preliminarily, we will address the Fair Board's argument that Hulse lacked standing. While the trial court did not address the issue of standing in its order, we may affirm the entry of summary judgment on any grounds supported by the designated evidentiary materials. *Bragg v. Kittle's Home Furnishings, Inc.*, 52 N.E.3d 908, 919 (Ind. Ct. App. 2016), *reh'g denied*, *trans. denied.* Further, as a matter of jurisprudence, "we do not decide cases upon constitutional grounds when they can be decided upon other grounds." *Superior Const. Co. v. Carr*, 564 N.E.2d 281, 284 (Ind. 1990).

[15]    "'The doctrine of standing focuses on whether the complaining party is the proper person to invoke the Court's power.'" *Bd. of Trustees of Purdue Univ. v. Einstein*, 87 N.E.3d 481, 503 (Ind. Ct. App. 2017) (quoting *Barnette v. U.S. Architects, LLP*, 15 N.E.3d 1, 11 (Ind. Ct. App. 2014), *reh'g denied*). "'The standing requirement restrains the judiciary to resolving only those cases and controversies in which the complaining party has a *demonstrable injury*.'" *Id.* (quoting *Barnette*, 15 N.E.3d at 11) (emphasis added). Whether a party has

standing is a pure question of law that we review de novo. *Bellows v. Bd. of Comm'rs of Cty. of Elkhart*, 926 N.E.2d 96, 113 (Ind. Ct. App. 2010).

Although Indiana has very little precedent regarding the issue of standing in the context of the First Amendment, we find federal holdings on the subject dispositive. Federal cases reveal that a plaintiff must show evidence of three elements to establish standing: (1) the plaintiff has suffered an "injury in fact"—an invasion of a legally protected interest that is "concrete and particularized" and "'actual or imminent, not 'conjectural' or 'hypothetical,'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)); (2) there is a causal connection between the injury and the conduct complained of; and (3) it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).

Hulse argues that she has suffered and will suffer an "injury in fact" because the Fair Board may ban her from exhibiting at a fine arts competition under General Principle 6 if she expresses disagreement with the china competition results. She also argues that fear of being banned has "chilled" her speech on the issue. (Hulse's Reply Br. 9).

As for Hulse's argument that General Principle 6 has "chilled" her speech, we note that "[c]hilled speech is, unquestionably, an injury supporting standing." *Bell v. Keating*, 697 F.3d 445, 453 (7th Cir. 2012). However, "'allegations of a subjective chill [are] not an adequate substitute for a claim of specific present

objective harm or a threat of specific future harm.'" *Id.* at 454 (quoting *Laird v. Tatum*, 408 U.S.1, 13-14 (1972), *reh'g denied*). Hulse has failed to show an objective harm here as Hulse continued to file a grievance and lawsuit after she read the IWOCP's minutes and perceived a threat of being banned. Her actions demonstrate that her exercise of her right to free speech has not been chilled.

[19] As for Hulse's argument that it is likely she might be banned from participating in the fair in the future, we note that an allegation of a potential future injury "'may suffice" to establish standing "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Kiser v. Reitz*, 765 F.3d 601, 607-08 (6th Cir. 2014) (quoting *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014)). A plaintiff satisfies this requirement when she alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). This threat need not be criminal in nature; "[a]dministrative action, like arrest or prosecution, may give rise to harm sufficient to justify pre-enforcement review." *Susan B. Anthony List*, 134 S.Ct. at 2345.

[20] Here, Hulse has not established that she will imminently suffer an injury in fact because her intended conduct is not "proscribed by statute." *See Babbitt*, 442 U.S. at 298. Hulse asserts that she might be banned from the china painting contest as a result of filing a grievance regarding the competition's judging, but the Terms and Conditions do not proscribe the filing of grievances. In fact,

they explicitly authorize a procedure for filing grievances and specify that all persons submitting grievances shall have due process rights. *See* (App. Vol. 2 at 27) ("Within twenty-four (24) hours of observing any suspected infraction, Exhibitors competing in an Open Class competition shall personally present a Grievance Form (found at page 9) to the Entry Office in the Communications building . . . . The person(s) submitting the grievance shall have the due process rights set forth in the Due Process section . . . .").[2] The Terms and Conditions also allow exhibitors to appeal the decisions of judges "when it is charged that the award has been made in violation of the terms and conditions governing the exhibit." (App. Vol. 2 at 28).

[21] Additionally, Hulse has not shown that she faces a credible threat of prosecution. *See Babbitt*, 442 U.S. at 298. She claims that the IWOCP minutes indicated that the Fair Board had considered banning her in the past. However, regardless of whether the statements mentioned in the IWOCP minutes can be attributed to the Fair Board, the Board has not shown any indications of invoking General Principle 6 in response to Hulse's grievances. To the contrary, as stated above, Hulse filed further grievances in 2015 after the IWOCP released its minutes, yet she was allowed to continue participating in the fair in 2016. In light of these factors, we conclude that Hulse has not

---

[2] These due process rights include notice of a penalty and the right to appeal.

asserted an imminent injury in fact necessary to acquire standing to challenge General Principle 6 as it applies to her.

[22] Nevertheless, Hulse notes that, in the First Amendment context, plaintiffs generally have standing to raise claims on behalf of others, even if they do not have standing themselves. *See Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 999 (9th Cir. 2004). This exception applies in cases where a statute is overly broad. *See id.* (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984), *abrogated on other grounds*, which noted that the overbreadth doctrine functions as an exception to "'the general prohibition on a litigant's raising another person's legal rights'"). In such cases, the doctrine "'serves to overcome what would otherwise be a plaintiff's lack of standing.'" *4805 Convoy, Inc. v. City of San Diego*, 183 F.3d 1108, 1112 (9th Cir. 1999) (quoting *Nunez v. City of San Diego*, 114 F.3d 935, 949 (9th Cir. 1997)). The reason for this special rule in First Amendment cases is that "[a]n overbroad statute might serve to chill protected speech." *See Bates v. State Bar of Arizona*, 433 U.S. 350, 380 (1977), *reh'g denied.*

[23] However, we conclude that Hulse's overbreadth claim is not ripe. While the overbreadth doctrine provides exceptions to the general rules on standing, it does not establish ripeness. *Hallandale Professional Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 760 n. 4 (11th Cir. 1991) (clarifying that the overbreadth doctrine addresses "the *standing* aspect of justiciability, not *ripeness*") (emphasis in original). In other words, the doctrine does not "stand for the proposition that no actual or impending injury is necessary; instead [it] say[s] that this plaintiff may be allowed to launch the attack even though he is

not, or will not be, the one suffering the actual or impending injury." *Id.* Even in an overbreadth claim, plaintiffs must "'demonstrate an injury in fact,'" as required under the ripeness doctrine, "to invoke a . . . court's jurisdiction.'" *Id.* (quoting *4805 Convoy, Inc.*, 183 F.3d at 1112).

[24] Hulse has not designated any evidence that any other potential plaintiff has suffered or will suffer an imminent injury in fact as a result of General Principle 6. As a result, we conclude that her claim that she may challenge General Principle 6 as being overly broad is not ripe for our review.

[25] Because Hulse lacked standing to raise her "as applied" challenge to General Principle 6 and her overbreadth challenge is not yet ripe, we conclude that the Fair Board was entitled to judgment as a matter of law. *See Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008) (noting that standing and ripeness are the "absolute constitutional minimum for a justiciable controversy"). Therefore, the trial court did not err in granting summary judgment in the Fair Board's favor.

[26] Affirmed.

May, J., and Brown, J., concur.