Altice, J., concurs.
Pyle, J., concurs in result with separate opinion.
Pyle, Judge concurring in result with opinion.
[24] I concur in the result reached by my colleagues, but I write separately to state that it is unnecessary to address any of Boultinghouse's constitutional claims. See Hulse v. Indiana State Fair Board , 94 N.E.3d 726 (Ind. Ct. App. 2018) (noting that appellate courts do not address constitutional claims if resolution can be reached on non-constitutional grounds). In addition, my colleagues hold, making an assumption that Boultinghouses's relationship has a constitutional dimension, that Indiana's invasion of privacy statute does not affect any of Boultinghouse's fundamental rights, and, as a result, is subject to only rational basis analysis. I believe this may not be correct.
[25] First, my colleagues need not address the constitutional issues because Boultinghouse invited any error when he agreed to the permanent protective order. Wright v. State , 828 N.E.2d 904 (Ind. 2005) (a party may not take advantage of an error that he commits, invites, or which is the natural consequence of her own neglect or misconduct). In addition, Indiana Code §§ 35-34-1-6(a)(3) and 35-34-1-4(a) generally require that a motion to dismiss be filed when alleging a statute is constitutionally defective; failure to do so generally results in waiver of the issue on appeal. See Payne v. State , 484 N.E.2d 16, 18 (Ind. 1985) ; Baumgartner v. State , 891 N.E.2d 1131 (Ind. Ct. App. 2008). As Boultinghouse did not file a motion to dismiss involving the alleged constitutional infirmity surrounding the invasion of privacy statute, the issue is waived.
[26] Second, I respectfully submit that my colleagues give too cursory an analysis to Boultinghouse's claim. I do not believe it is enough to state that because Boultinghouse's "relationship" is not an element of the offense, there cannot be a material *594 impact on his fundamental rights. In fact, a strong argument can be made that Boultinghouse's right to maintain intimate relationships with others is materially burdened by Indiana's invasion of privacy statute. This is a right that is applied to the States through the Due Process Clause of the Fourteenth Amendment. I believe the facts of this case could support a finding that the statute in question undeniably burdens the right to maintain the sort of intimate relationships constitutionally protected from unwarranted government intrusion. In such a case, we would apply strict scrutiny analysis. But, it is also likely that the statute might survive strict scrutiny analysis because it addresses a compelling governmental interest (preventing domestic violence), is narrowly tailored to meet that need, and is the least restrictive means for achieving the government's objective. Nonetheless, it is my view that wading into competing constitutional analyses is unnecessary in this case because Boultinghouse waived consideration of this issue by inviting the claimed error and failing to preserve the issue before the trial court. In all other respects, I concur in the result of my colleague's opinion.