ATTORNEYS FOR PETITIONER:
**PAUL K. OGDEN**
OGDEN LAW FIRM
Indianapolis, IN

**JEFFREY R. COX**
J.R. COX LAW, LLC
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
**JONATHAN R. SICHTERMANN**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

_____

# IN THE
# INDIANA TAX COURT

FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

_____

| | |
|---|---|
| PROPERTY DEVELOPMENT COMPANY FOUR, LLC, | ) )  ) |
| Petitioner, | ) ) |
| v. | ) Cause No. 49T10-1401-TA-3 ) |
| GRANT COUNTY ASSESSOR, | ) ) |
| Respondent. | ) |

_____

ON APPEAL FROM THE FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**May 12, 2015**

WENTWORTH, J.

Property Development Company Four, LLC appeals the Indiana Board of Tax Review's final determination that upheld the Grant County Assessor's assessments of its real property for the 2004, 2005, and 2006 tax years. The Court finds that the Indiana Board's final determination should be affirmed in part and reversed in part.

**FACTS AND PROCEDURAL HISTORY**

Property Development builds homes for the disabled. (See Cert. Admin. R. at 8,

183.)  In 2003, Property Development purchased a parcel of land in the Hickory Hills Subdivision, Marion, Indiana ("the Eastway Drive Property") and another parcel of land in the Meadows East Subdivision, Marion, Indiana ("the Aspen Court Property").  (See Cert. Admin. R. at 83, 94, 120, 124-25.)  These two properties are the subject of this appeal.

At the time of purchase, the subject properties were vacant and assessed as agricultural land.  (See Cert. Admin. R. at 120, 124-25, 272.)  After obtaining the necessary building permits, Property Development built a home on each parcel.  (See Cert. Admin. R. at 84, 184, 186.)  The Assessor did not assess the subject properties at that time, however, because she did receive the building permits and, therefore, did not have notice that construction had even begun.  (See Cert. Admin. R. at 152, 265-66.)

On July 11, 2006, the Assessor assessed the Eastway Drive Property for the 2004 and 2005 tax years.  (See Cert. Admin. R. at 124-27.)  That same day, the Assessor mailed two "Reports of Assessment for Omitted or Undervalued Property Assessment and Assessment Penalties" (Form 122s) to Property Development, which provided that the property's assessments had been increased from $16,800 to $107,300 for the 2004 and 2005 tax years.  (See Cert. Admin. R. at 126-27.)

The following year, the Assessor assessed the Aspen Court Property for the 2004, 2005, and 2006 tax years.  (See Cert. Admin. R. at 120-23.)  On July 30, 2007, the Assessor mailed three Form 122s to Coronado Ridge Development Corporation, the prior owner of the Aspen Court Property,[1] which indicated that its assessments had

---

[1]  The Assessor explained that her records listed Coronado Ridge as the owner of the Aspen Court Property because county officials failed to provide her with the information that the property was transferred from Coronado Ridge to Property Development and because the Form 122s were not returned as undeliverable.  (See Cert. Admin. R. at 152, 154, 248-49, 262-65.)

been increased from $200 to $87,800 for the 2004, 2005, and 2006 tax years. (See Cert. Admin. R. at 121-23.) Although Coronado Ridge typically received and forwarded the tax bills for the Aspen Court Property to Property Development's president, it did not forward the Form 122s to Property Development. (See Cert. Admin. R. at 44, 47, 84.)

In the years following the assessments, Property Development paid the tax liabilities on its properties as they became due. (See Cert. Admin. R. at 43, 184, 186.) Not until 2010, however, did the Grant County Treasurer attempt for the first time to recover from Property Development the additional tax liabilities, penalties, and fees arising from the 2004, 2005, and 2006 assessments of the subject properties. (See Cert. Admin. R. at 43-44, 84-85, 86-92, 98-115.)

Property Development subsequently appealed the assessments, first to the Grant County Property Tax Assessment Board of Appeals and then to the Indiana Board. On September 12, 2013, the Indiana Board held a hearing during which Property Development claimed that the assessments were invalid because they conflicted with Indiana Code § 6-1.1-4-12 and because the Assessor failed to provide proper notice. The Assessor, on the other hand, argued that Indiana Code § 6-1.1-9-1 et seq. authorized the assessments and that Property Development's claim of insufficient notice lacked merit. On December 10, 2013, the Indiana Board issued a final determination upholding the assessments of the Eastway Drive Property as well as the 2005 and 2006 assessments of the Aspen Court Property under Indiana Code § 6-1.1-9-1 et seq. (See Cert. Admin. R. at 39-40.) The Indiana Board determined, however, that the 2004 assessment of the Aspen Court Property had been untimely and was therefore invalid. (See Cert. Admin. R. at 39-40.) Moreover, the Indiana Board

3

rejected Property Development's claim of insufficient notice.[2]  (See Cert. Admin. R. at 40-42.)

On January 23, 2014, Property Development initiated this original tax appeal. The Court heard oral argument on June 19, 2014.  Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The party seeking to overturn a final determination of the Indiana Board bears the burden to demonstrate that it is invalid.  Hubler Realty Co. v. Hendricks Cnty. Assessor, 938 N.E.2d 311, 313 (Ind. Tax Ct. 2010).  The Court will reverse a final determination of the Indiana Board if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence.  IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

## ANALYSIS

Property Development has asked this Court to reverse the final determination of the Indiana Board for two main reasons.  First, Property Development contends that the Indiana Board misapplied the law when it upheld the assessments.  Second, Property Development asserts that the Indiana Board erred in concluding that Property

---

[2]  The Indiana Board also determined that the burden-shifting rule set forth in Indiana Code § 6-1.1-15-17.2 did not apply because Property Development had not challenged the assessed values of the subject properties.  (See Cert. Admin. R. at 38, 83-84.)

4

Development received proper notice of the assessments.[3]

I.

Property Development asserts that the Indiana Board erred in determining that the assessments of the subject properties were authorized under Indiana Code § 6-1.1-9-1 et seq. because a more specific statute, Indiana Code § 6-1.1-4-12, applied instead. (See Pet'r Br. at 13-16; Oral Arg. Tr. at 54-56.) Property Development explains that while Indiana Code § 6-1.1-9-4 applies generally to omitted or undervalued real property assessments, Indiana Code § 6-1.1-4-12 applies specifically to subdivision property assessments. (See Pet'r Br. at 13-16.) Property Development further explains that if its properties had been assessed under Indiana Code § 6-1.1-4-12, the statute's plain terms would have compelled her to apply the assessments prospectively only, not retroactively. (See Pet'r Br. at 15-16; Pet'r Reply Br. at 8-9.)

It has long been held that "a more detailed and specific statute prevails over a more general statute [that addresses the same subject matter] when the two conflict." State ex rel. Hatcher v. Lake Sup. Ct., Room Three, 500 N.E.2d 737, 739 (Ind. 1986). Indiana Code § 6-1.1-9-4 and Indiana Code § 6-1.1-4-12 both authorize the assessment of property. When the subject properties were assessed in 2006 and 2007, Indiana Code § 6-1.1-9-4 provided that "property may be assessed, or its assessed value increased, for a prior year under this chapter only if the notice required by [Indiana Code § 6-1.1-9-1] is given within three (3) years after the assessment date for that prior year." IND. CODE § 6-1.1-9-4(a) (2006) (emphasis added). By incorporating the notice requirement in Indiana Code § 6-1.1-9-1, Indiana Code § 6-1.1-9-4 applies to all omitted

---

[3] Property Development has also claimed that the imposition of penalties and fees was improper because the tax bills were not timely mailed. (See Pet'r Br. at 12.) The Court, however, does not address this issue due to its resolution of this case.

or undervalued real property assessments and authorizes their limited retroactive assessment. See I.C. § 6-1.1-9-4(a); IND. CODE § 6-1.1-9-1 (2006) (amended 2007). In contrast, Indiana Code § 6-1.1-4-12 provided that when

> (1) land assessed on an acreage basis is subdivided into lots; or (2) land is rezoned for, or put to, a different use; the land shall be reassessed on the basis of its new classification. []If improvements are added to real property, the improvements shall be assessed. []An assessment or reassessment made under this section is effective on the next assessment date.

IND. CODE § 6-1.1-4-12(d)-(f) (2006) (amended 2013). Thus, this statute authorizes the assessment of certain property (e.g., agricultural land) when an objective event signaling the commencement of commercial development occurs. See Hamilton Cnty. Assessor v. Allisonville Rd. Dev., LLC, 988 N.E.2d 820, 823-24 (Ind. Tax Ct. 2013), review denied.

The application of each of these statutes is triggered by different factual circumstances, and neither statute indicates that the application of one precludes an assessment under the other. See I.C. §§ 6-1.1-4-12, -9-4; see also, e.g., Indiana Dep't of State Revenue v. Horizon Bancorp, 644 N.E.2d 870, 872 (Ind. 1994) (explaining that the plain and obvious meaning of an unambiguous statute may not be enlarged or restricted). Consequently, comparing Indiana Code § 6-1.1-4-12 and Indiana Code § 6-1.1-9-4 does not indicate that the former is more specific than the latter, but instead, merely authorizes the assessment of property based on different factual circumstances.

The facts of this case reveal that Property Development constructed a home on each of the subject properties in 2003, but the Assessor did not assess the Eastway Drive Property until 2006 and the Aspen Court Property until 2007. The Assessor then applied each assessment retroactively according to Indiana Code § 6-1.1-9-4 because

6

the improvements were omitted from the assessment rolls post-construction. See I.C. § 6-1.1-9-4(a) (permitting retroactive assessments of real property in instances where the property was undervalued on, or omitted from, the assessment rolls or tax duplicates). The fact that these properties could have been assessed when they were subdivided for development under Indiana Code § 6-1.1-4-12 cannot preclude their retroactive assessment, as Property Development urges, because doing so would defeat the purpose of Indiana Code § 6-1.1-9-4. See Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 583-84 (Ind. Tax Ct. 1991) (explaining that the Court will construe a statute to give effect, rather than to defeat, its purpose), aff'd by 585 N.E.2d 1336 (Ind. 1992). Consequently, Property Development has not shown that the Indiana Board's final determination that upheld the assessments of the subject properties under Indiana Code § 6-1.1-9-4 was contrary to law.

## II.

Property Development also contends that the Indiana Board erred in concluding that it had received sufficient notice of the 2004 and 2005 Eastway Drive assessments and the 2005 and 2006 Aspen Court assessments. More specifically, Property Development contends that the Assessor's notice was insufficient not only because it failed to comport with the requirements of Indiana Code § 6-1.1-9-1, but also because the Assessor mailed the Form 122s for the Aspen Court Property to its prior owner, Coronado Ridge, instead of Property Development.[4] (See Pet'r Br. at 17-18; Pet'r Reply Br. at 9-11; Oral Arg. Tr. at 24-28.)

The Assessor, on the other hand, offers two reasons why notice was proper.

---

[4] Property Development also contends that the notice of the assessments failed to satisfy state and federal due process requirements. (See, e.g., Pet'r Br. at 17.) The Court does not need to address this contention given its disposition of the issue.

7

First, the Assessor argues that she provided Property Development with notice of the subject properties' assessments consistent with Indiana Code § 6-1.1-9-1 by issuing a Form 122 for each property. (See Resp't Br. at 14-17; Oral Arg. Tr. at 47-52.) Second, the Assessor claims that even if she made a mistake in mailing the Form 122s, Property Development should not benefit from that mistake because it failed to provide her with the correct information in the first place. (See Resp't Br. at 15; Oral Arg. Tr. at 45-47.)

When the Assessor assessed the Eastway Drive Property in 2006, the relevant notice provision stated:

> If a township assessor, county assessor, or county property tax assessment board of appeals believes that any taxable tangible property has been omitted from or undervalued on the assessment rolls or the tax duplicate for any year or years, the official or board shall give written notice under . . . IC 6-1.1-4-22 of the assessment or the increase in assessment. The notice shall contain a general description of the property and a statement describing the taxpayer's right to a preliminary conference and to a review with the county property tax assessment board of appeals under IC 6-1.1-15-1.

I.C. § 6-1.1-9-1 (emphasis added). Pursuant to a 2007 amendment, the last sentence of Indiana Code § 6-1.1-9-1 was changed to read as follows: "The notice shall contain a general description of the property and statement describing the taxpayer's right to a review with the county property tax assessment board of appeals under IC 6-1.1-15-1."

IND. CODE § 6-1.1-9-1 (2007). Indiana Code § 6-1.1-4-22 stated:

> If any assessing official or any county property tax assessment board of appeals assesses or reassesses any real property under the provisions of this article, the official or county property tax assessment board of appeals shall give notice to the taxpayer and the county assessor, by mail, of the amount of the assessment or reassessment.

IND. CODE § 6-1.1-4-22(a) (2006) (amended 2008). Together, these statutes provide

8

that an assessing official must mail written notice of the assessment of omitted or undervalued real property to a taxpayer that states 1) a general description of the property; 2) the amount of the increased or new assessment; and 3) a statement regarding the taxpayer's right to review under Indiana Code § 6-1.1-15-1. See I.C. §§ 6-1.1-4-22, -9-1. Indiana Code § 6-1.1-9-4 further indicates that this written notice must be provided to the taxpayer within three years of the property's assessment date. See I.C. § 6-1.1-9-4(a).

The certified administrative record reveals that on July 11, 2006, the Assessor timely mailed two Form 122s to Property Development regarding the 2004 and 2005 assessments of the Eastway Drive Property. (See Cert. Admin. R. at 126-27.) The record also shows that on July 30, 2007, the Assessor timely mailed two Form 122s concerning the 2005 and 2006 assessments of the Aspen Court Property to Coronado Ridge, the prior owner of the property. (See Cert. Admin. R. at 121-23.) Each of these Form 122s contained a description of the subject properties and a statement of the amount of the assessments. (See, e.g., Cert. Admin. R. at 121.) None of the Form 122s, however, contained statements regarding Property Development's rights to a preliminary conference or review under Indiana Code § 6-1.1-15-1. (See Cert. Admin. R. at 121-23, 126-27.) Instead, they merely contained a statement concerning the imposition of penalties for omitted or undervalued tangible personal property. (See, e.g., Cert. Admin. R. at 121 (stating "[a] penalty is due with an installment . . . whether or not an appeal is filed under IC 6-1, 1-15-5 [sic] with respect to the tax due on that installment").) Consequently, the Form 122s do not comport with the notice requirements of Indiana Code § 6-1.1-9-1.

9

Nonetheless, the timely mailing of an annual tax bill may itself satisfy the notice requirements of Indiana Code § 6-1.1-9-1.  See, e.g., Williams Indus. v. State Bd. of Tax Comm'rs, 648 N.E.2d 713, 715-16 (Ind. Tax Ct. 1995).  Here, however, the tax bills were not timely issued.  Notice must be given within three years of the assessment date, but the record shows that the tax bills were not issued until 2010 - i.e., about 6 years after the 2004 assessment, 5 years after the 2005 assessments, and 4 years after the 2006 assessment.  See I.C. § 6-1.1-9-4(a) (requiring that the notice be given within three years after the assessment date).  Consequently, Property Development's tax bills do not satisfy the notice requirements of Indiana Code § 6-1.1-9-1 either.

## CONCLUSION

While the Indiana Board correctly determined that the Assessor was authorized to assess the subject properties under Indiana Code § 6-1.1-9-1 et seq., it erred in determining that Property Development had received sufficient notice of those assessments.  The Court, therefore, AFFIRMS the Indiana Board's final determination in part, REVERSES it in part, and REMANDS the matter to the Indiana Board for action consistent with this opinion.