ATTORNEYS FOR PETITIONER:
**PAUL K. OGDEN**
OGDEN LAW FIRM
Indianapolis, IN

**JEFFREY R. COX**
J.R. COX LAW, LLC
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
**JONATHAN R. SICHTERMANN**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Aug 20 2015, 3:45 pm

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| PROPERTY DEVELOPMENT COMPANY FOUR, LLC, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Cause No. 49T10-1401-TA-00003 |
| GRANT COUNTY ASSESSOR, | ) ) ) |
| Respondent. | ) |

### ORDER ON RESPONDENT'S PETITION FOR REHEARING

**FOR PUBLICATION**
**August 20, 2015**

WENTWORTH, J.

On May 12, 2015, this Court reversed, in part, the Indiana Board of Tax Review's final determination in the above-captioned matter. See Property Dev. Co. Four, LLC v. Grant Cnty. Assessor, 31 N.E.3d 1049 (Ind. Tax Ct. 2015). In its opinion, the Court held that the Grant County Assessor's retroactive assessments of Property Development Company Four, LLC's real property were invalid because Property Development had not received sufficient notice of the assessments and the property tax liabilities arising

therefrom.  See id. at 1052-54.  The Assessor has filed a Petition for Rehearing pursuant to Rule 63(B) of Indiana's Rules of Appellate Procedure.  The Assessor's Petition presents two issues that the Court restates as:  1) whether the Court omitted a material fact when it determined that Property Development received insufficient notice; and, if not, 2) whether the Court erred in invalidating the assessments.  The Court, having reviewed the Assessor's Petition and Property Development's response thereto, grants the Assessor's Petition for the sole purpose of clarifying its opinion.

## 1.  The Omission of a Material Fact

In its Petition, the Assessor claims that the Court erred in determining that Property Development received insufficient notice of its assessments because the Court did not consider a material fact, i.e., that Property Development received Form 11s that contained a statement, missing from the Form 122s, explaining the right to review under Indiana Code § 6-1.1-15-1.  (See Resp't Pet. Reh'g at 2-4.)  To support this claim, the Assessor has presented a certified copy of a blank Form 11.  (See Resp't Pet. Reh'g, Exs. A, A1.)

The certified administrative record in this case indicates that the Assessor "filled out" a Form 11 for one of properties at issue.  (See, e.g., Cert. Admin. R. at 36 ¶ 12(b), 129.)  That Form 11, however, was not presented to the Indiana Board during the administrative hearing.  (See, e.g., Cert. Admin. R. at iii.)  When a litigant fails to present evidence to the Indiana Board, the Court may not consider that evidence on appeal.[1] See Hoogenboom-Nofziger v. State Bd. of Tax Comm'rs, 715 N.E.2d 1018, 1022 (Ind. Tax Ct. 1999).  Consequently, the Court cannot consider the certified copy of the blank

---

[1]  Indiana Code § 33-26-6-5 provides certain exceptions to this rule, but none of those exceptions are applicable in this case. See IND. CODE 33-26-6-5(b) (2015).

2

Form 11. The Assessor has conceded that the Court correctly determined that the documents contained within the certified administrative record (i.e., the Form 122s) did not confer sufficient notice because each lacked a statement regarding Property Development's right to review. (See Resp't Pet. Reh'g at 2.) The Court, therefore, finds that it did not err by omitting a material fact when it determined that Property Development received insufficient notice.

### 2. The Invalidation of the Assessments

Next, the Assessor claims that the Court erred in invalidating the assessments because that remedy was "too extreme[.]" (Resp't Pet. Reh'g at 4.) The Assessor asserts that Indiana case law simply required the Court to provide Property Development with additional time to challenge the assessments, not invalidate them. (See Resp't Pet. Reh'g at 4-6 (citing Groce v. State, 778 N.E.2d 785, 787 (Ind. 2002); State v. Hammond, 761 N.E.2d 812, 815-16 (Ind. 2002); Stewart v. State, 721 N.E.2d 876, 879-80 (Ind. 1999)).)

A petition for rehearing is a vehicle that affords the Court the opportunity to correct its own omissions or errors. Indiana Dep't of State Revenue vs. Estate of Miller, 897 N.E.2d 545, 546 (Ind. Tax Ct. 2008), review denied. Accordingly, a proper petition should not ask the Court to re-examine all questions decided against the petitioning litigant nor should it present new arguments or theories in support of that party's position. See id.; New York Life Ins. Co. v. Henriksen, 421 N.E.2d 1117, 1118 (Ind. Ct. App. 1981). This, however, is exactly what the Assessor has done by claiming that the Court applied the wrong remedy.

Nonetheless, even if the Assessor's claim were properly before the Court, the

3

Court would not change the remedy it applied in this case. The three cases upon which the Assessor has relied to support its position (i.e., Groce, Hammond, and Stewart) do not apply here. Indeed, the issue in those cases examined the effect of underlying administrative defects (i.e., defective notice) on criminal convictions, but the overlay of criminal convictions is absent in this matter. Compare, e.g., Stewart, 721 N.E.2d at 878-80 and Hammond, 761 N.E.2d at 814-16 with Property Dev., 31 N.E.3d at 1049-54. This contextual distinction diminishes the persuasive value of those cases here. Furthermore, this Court has previously held that the failure to follow procedural rules is sufficient to invalidate an assessment. See, e.g., Garwood v. Indiana Dep't of State Revenue, 953 N.E.2d 682, 687-90 (Ind. Tax Ct. 2011) (invalidating a taxpayer's jeopardy assessments because the administrative agency lacked the statutory authority to issue them), review denied. For all of the above-stated reasons, therefore, the Court reaffirms its holding in Property Development in its entirety.

SO ORDERED this 20th day of August 2015.

_____

Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution:

Paul K. Ogden, Jeffrey R. Cox, Evan W. Bartel, Jonathan R. Sichtermann

4