

FILED
Jun 16 2016, 8:57 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT TOWN
OF REYNOLDS

Alex C. Intermill
Stephen C. Unger
Andrew M. McNeil
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEYS FOR *AMICUS CURIAE*
CITY OF FORT WAYNE

Thomas K. Downs
Karen E. Arland
Timothy E. Ochs
Ice Miller LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
BOARD OF COMMISSIONERS OF
WHITE COUNTY

Nicholas K. Kile
Mark J. Crandley
Hillary J. Close
Barnes & Thornburg LLP
Indianapolis, Indiana

George W. Loy
Monticello, Indiana

ATTORNEYS FOR APPELLEE
MAG PELLET, LLP

Matthew M. Price
Gregory A. Neibarger
Jessica Whelan
Bingham Greenebaum Doll
LLP
Indianapolis, Indiana

ATTORNEY FOR *AMICUS CURIAE*
CONCERNED CITIZENS OF
NORTH IV

Kent M. Frandsen
Barnes & Thornburg LLP
Parr Richey Obremskey Frandsen
& Patterson LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Town of Reynolds,

*Appellant-Defendant,*

v.

Board of Commissioners of
White County and Certain
Identified Landowners
Remonstrating Against
Ordinance No. 2014-09-02EX-2,

*Appellees-Plaintiffs.*

June 16, 2016

Court of Appeals Case No.
79A02-1511-MI-1821

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Special Judge

Trial Court Cause No.
79D02-1506-MI-56

**Bradford, Judge.**

# Case Summary

[1] In January of 2015, Appellant-Defendant the Town of Reynolds (the "Town") adopted an annexation ordinance through which it sought to annex two parcels of land. The Town, however, failed to include certain contiguous county roads in the annexation ordinance as required by statute. Appellee-Plaintiff the Board of Commissioners for White County (the "County") subsequently filed a lawsuit seeking a declaratory judgment that the Town's failure to comply with the relevant statute rendered the annexation ordinance void.

[2] After determining that the Town's failure to comply with the relevant statute did in fact render the annexation ordinance void, the trial court rendered a declaratory judgment in favor of the County. The Town appeals from this judgment. We affirm.

## Facts and Procedural History

[3] On January 6, 2015, the Town, which is located in White County, adopted Annexation Ordinance No. 2014-09-02EX2 (the "annexation ordinance"). The northern boundary of the annexation area extends to the center line of County Road 100 North. On the northeastern boundary, the annexation area also touches Parcel No. 91-74-34-000-000.901.005, which is owned by the County and used as a right-of-way for County Road 50 East. The parcel is publically maintained and is occupied by County Road 50 East. The right-of-way and County Road 50 East are contiguous to the annexation area and were not included in ordinance. County Road 100 North and County Road 50 East are open to the public for vehicular traffic and are maintained by the County.

[4] The annexation area includes two parcels. One parcel is owned by Appellee-Plaintiff Mag Pellet, LLP ("Mag Pellet") and has an assessed value of $4,185,700.00. The other parcel is owned by Appellee-Plaintiff Allen Farms 'N' LLC ("Allen Farms") and has an assessed value of $361,000.00. The Allen Farms parcel constitutes 7.94% of the total assessed value of the annexed area with the Mag Pellet parcel constituting the remaining 92.06% of the assessed value of the annexed area.

[5] On April 21, 2014, Mag Pellet and the Town entered into a Sewer and Water Main Extension Contract. The contract provided for developing and establishing Mag Pellet's parcel. The contract also provided for allowing Mag Pellet to connect to the Town's existing sewer and water facilities. In exchange

for permission to connect to the Town's existing sewer and water facilities, Mag Pellet agreed to release and waive all rights to remonstrate against or oppose, and in fact consented to, any future annexation by the town. Mag Pellet has since tapped into and connected to the Town's existing sewer main.

[6] On April 14, 2015, the County and Allen Farms filed a two-count complaint for declaratory judgment. In the first count, the County sought a determination that the Town's failure to include County Road 100 North, County Road 50 East, and Parcel No. 91-74-34-000-000.901.005 in the annexation ordinance rendered the annexation ordinance void. In the second count, the County and Allen Farms filed a statutory remonstrance action against the annexation. On April 15, 2015, the County and Allen Farms amended the remonstrance action to include Mag Pellet as an additional remonstrator.[1]

[7] The Town filed an answer, counterclaim, and motion for partial summary judgment on May 28, 2015. On June 29, 2015, the County, Allen Farms, and Mag Pellet filed a cross-motion for summary judgment together with a designation of evidence in support of their motion and a brief in support of their motion and in opposition to the Town's motion for partial summary judgment.

---

[1] The Town argues that Mag Pellet waived its right to join the action as a remonstrator. For its part, Mag Pellet argues that its alleged waiver of the right to remonstrate was not valid. However, because we decide this matter on the merits of whether the County had standing to seek declaratory relief, we need not reach the question of whether Mag Pellet's alleged waiver of its right to remonstrate was valid.

The trial court conducted a hearing on the parties' competing motions for summary judgment on August 18, 2015, after which it took the matter under advisement. On October 13, 2015, the trial court issued an order granting declaratory judgment to the County. Specifically, the trial court concluded as follows:

> In conclusion, the court finds the territory covered by the annexation ordinance at issue is contiguous to the northern half of County Road 100 North and its right of way and is also contiguous to Parcel No. 91-74-34-000-000.091.005, which is owned by White County and used as a right of way for County Road 50 East. The parcel is a way that is publicly maintained by the County and is occupied by County Road 50 East. The Town's annexation ordinance failed to include these areas as required by I.C. 36-4-3-2.5. The County has standing to seek a declaratory action for relief because this irregular annexation procedure fails to relieve the County of its obligation to maintain the contiguous roadways and it bypasses the County's right to be joined as a landowner and thus remonstrate. The court finds in favor of the County on Count I of its Complaint for Declaratory Judgment and its cross Motion for Summary Judgment and hereby declares the Town's annexation ordinance to be void. The Court denies the Town's Motion for Summary Judgment regarding the issue.
>
> ****
>
> Because this court has determined the annexation ordinance to be void as stated above, the court determines that the Remonstrance Complaint in Count II is moot and the court declines to enter any further ruling on that Count.

Appellant's App. pp. 14-15. This appeal follows.

# Discussion and Decision[2]

## I. Standard of Review

Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. *Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 887 (Ind. Ct. App. 2002).

> "On appeal from the denial of a motion for summary judgment, we apply the same standard applicable in the trial court. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We therefore must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. A genuine issue of material fact exists where facts concerning an issue, which would dispose of the litigation are in dispute, or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. If the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. When there are no disputed facts with regard to a motion

---

[2] The County has filed a motion to strike certain portions of the Town's reply brief. Specifically, the County argues that the challenged portions of the Town's reply brief raise a new argument that was not previously included in the Town's Appellant's brief or its Appellee's brief. Because we find the challenged portions of the Town's reply brief to be marginally related to arguments previously raised by the parties, we deny the County's motion in an order handed down simultaneously with this memorandum decision.

for summary judgment and the question presented is a pure
question of law, we review the matter de novo."

*Clary v. Lite Machs. Corp.*, 850 N.E.2d 423, 430 (Ind. Ct. App. 2006) (quoting *Bd.
of Trs. of Ball State Univ. v. Strain*, 771 N.E.2d 78, 81-82 (Ind. Ct. App. 2002)
(internal quotation marks and some citations omitted)).

[10]  "'In reviewing cross-motions for summary judgment, we consider each motion
separately.'"  *Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp.*, 7 N.E.3d 263,
267 (Ind. 2014) (quoting *Girl Scouts of S. Ill. v. Vincennes Ind. Girls, Inc.*, 988
N.E.2d 250, 253 (Ind. 2013)).

> A party seeking summary judgment bears the burden to make a
> prima facie showing that there are no genuine issues of material
> fact and that the party is entitled to judgment as a matter of law.
> *American Management, Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424,
> 428 (Ind. Ct. App. 1996).  Once the moving party satisfies this
> burden through evidence designated to the trial court pursuant to
> Trial Rule 56, the non-moving party may not rest on its
> pleadings, but must designate specific facts demonstrating the
> existence of a genuine issue for trial.  *Id*.

*Heritage Dev.*, 773 N.E.2d at 888.  "On appeal, the trial court's order granting or
denying a motion for summary judgment is cloaked with a presumption of
validity."  *Van Kirk v. Miller*, 869 N.E.2d 534, 540 (Ind. Ct. App. 2007), *trans.
denied*.  However, we are not limited to reviewing the trial court's reasons for
granting or denying summary judgment but rather may affirm the trial court's
ruling if it is sustainable on any theory found in the evidence designated to the

trial court. *See Alva Elec.*, 7 N.E.3d at 267 (citing *Wagner v. Yates*, 912 N.E.2d 805, 811 (Ind. 2009)).

## II. Analysis

[11] Indiana Code section 36-4-3-2.5(b) ("Section 2.5") provides that "An annexation of territory under this chapter after June 30, 1996, that includes land contiguous to a public highway *must* also include contiguous areas of: (1) the public highway; and (2) rights-of-way of the public highway." (Emphasis added). A public highway includes "a street, an alley, a road, a highway, or a thoroughfare in Indiana, including a privately owned business parking lot and drive, that is used by the public or open to use by the public." Ind. Code § 9-25-2-4. Section 2.5 "presumably prevents municipalities from shirking responsibility for maintenance of roads bordering the annexed property." *City of Boonville v. Am. Cold Storage*, 950 N.E.2d 764, 771 (Ind. Ct. App. 2011) ("*City of Boonville I*").

[12] In awarding summary judgment in favor of the County, the trial court found that the Town failed to comply with Section 2.5. The Town does not dispute that it failed to comply with Section 2.5, but argues that its failure to do so should be overlooked. We cannot agree. Additionally, in arguing that its failure to comply with Section 2.5 was merely a "technical non-compliance" which should be overlooked, the Town asserts that the County did not have standing to challenge the annexation through a declaratory judgment action. Appellant's Br. p. 14. Specifically, the Town argues that Section 2.5 does not

confer standing on the County to challenge the validity of the annexation. Again, we disagree.

[13]     Annexation is an "essentially legislative function and courts should not micromanage it." *Bradley v. City of New Castle*, 764 N.E.2d 212, 215 (Ind. 2002). Accordingly, it is "subject to judicial review only as provided by statute, and '[t]he larger object of the annexation statute is, as it always has been, to permit annexation of adjacent urban territory.'" *Id.* (quoting *Rogers v. Mun. City of Elkhart*, 688 N.E.2d 1238, 1242 (Ind. 1997)). As a general rule, a remonstrance is the exclusive means available to landowners within an annexed area for challenging an annexation proceeding. *In re Remonstrance Appealing Ordinance Nos. 98–004, 98–005, 98–006, 98–007, and 98–008 of the Town of Lizton*, 769 N.E.2d 622, 629 (Ind. Ct. App. 2002). Declaratory judgment actions are for the most part available only to taxpayers of the annexing city. *Id.*

*City of Boonville I*, 950 N.E.2d at 769. However, we have previously recognized certain exceptions to the general rule.

[14]  With regards to determinations relating to whether a party has standing to bring a claim, we have stated as follows:

> [t]he judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power. Standing is similar to, though not identical with, the real party in interest requirement of Indiana Trial Rule 17. Both are threshold requirements intended to insure that the party before the court has the substantive right to enforce the claim being asserted. Under the traditional private standing doctrine, a party must demonstrate both a personal stake in the outcome of the lawsuit and, at a

> minimum, that he is in immediate danger of
> sustaining some direct injury as a result of the
> conduct at issue.

*Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 197 (Ind. Ct. App. 1999) (citations, quotation marks, and brackets omitted), *trans. denied*. "[T]he question of whether a party has standing is purely one of law and does not require deference to the trial court's determination." *Wood v. Walden*, 899 N.E.2d 728, 731 (Ind. Ct. App. 2009).

*City of Greenwood v. Town of Bargersville*, 930 N.E.2d 58, 65-66 (Ind. Ct. App. 2010), *trans. granted, opinion vacated sub nom. City of Greenwood v. Town of Bargersville, IN*, 940 N.E.2d 831 (Ind. 2010), *and opinion reinstated*, 942 N.E.2d 110 (Ind. 2011).

[15] The Indiana Declaratory Judgment Act (the "Act") provides that:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Ind. Code § 34-14-1-2. The County is included in the class of individuals who may bring a declaratory judgment action under the Act. *See City of Greenwood*, 930 N.E.2d at 66 (citing *City of Hobart v. Town of Merrillville*, 401 N.E.2d 726, 728 (Ind. Ct. App. 1980) (providing that the Act specifically allows governmental entities to file suit), *trans. denied*); *see also* Ind. Code § 34-14-1-13

(providing that the word "person" as used in the Act includes municipal corporation[3] or "other corporation of any character whatsoever"). In addition, we have previously found that a governmental entity has standing to challenge an annexation of certain property by another governmental entity by bringing a declaratory judgment action when the matter presented a true controversy between two adverse parties and the governmental entity seeking to bring the declaratory judgment action had "'shown that a decision would affect its rights, status, or other legal relationships.'" *Id.* (quoting *City of Hobart*, 401 N.E.2d at 728).

[16]    In *City of Boonville I*, we concluded that "[w]hile the adjacent property owners technically have title to the centerline of the public roadways, they do not have the right to construct, lay out, alter, vacate, maintain, or otherwise control the roadways. Those powers are given to government entities." 950 N.E.2d at 771. Thus, it follows that with regard to Section 2.5, the governmental entity which, prior to annexation, had the responsibility for maintaining a roadway bordering an annexed parcel should be treated as the owner of said roadway for purposes of challenging annexation by another governmental entity.[4]

---

[3] A "municipal corporation" includes any separate local governmental entity that may sue and be sued. Ind. Code § 36-1-2-10.

[4] We believe this proposition finds general support from the Indiana Supreme Court's opinion in *American Cold Storage v. City of Boonville*, 2 N.E.3d 3, 6 (Ind. 2014) ("*City of Boonville II*") which provides that land which is controlled by a governmental entity and comprises the portion of a public roadway included in an annexed territory should be considered and counted as a single parcel in determining whether the remonstrating landowners compromised 65% of the owners of the annexed property.

Therefore, said governmental entity would undoubtedly have an interest in protecting its rights relating to the roadway.

[17] We agree with the trial court that since the County maintains the roadways at issue, it has a direct interest in enforcing Section 2.5. Thus, we conclude that the County had standing to enforce Section 2.5 by bringing the underlying declaratory judgment action.[5] Otherwise, the County would have no recourse to protect its interests as provided within the annexation code. Such a result would appear to be contrary to the intent of the General Assembly and would arguably render Section 2.5 unenforceable.[6]

# Conclusion

[18] In sum, we conclude that the County had standing to seek to enforce Section 2.5 via a declaratory judgment action. This conclusion coupled with the fact that the Town admitted that it violated Section 2.5 by not including County Road 100 North, County Road 50 East, and Parcel No. 91-74-34-000-000.901.005 in the annexation ordinance leads us to the opinion that the Town's failure to include the roadways in question in the annexed ordinance as is required by Section 2.5 cannot be overlooked. We therefore conclude that

---

[5] Indeed, if the County does not have standing to seek to enforce Section 2.5, we are left wondering who would.

[6] In reviewing a statute, we aim to construe statutes to avoid an absurd result or a result that the legislature, as a reasonable body, could not have intended. *Raider v. Pea*, 613 N.E.2d 870, 872 (Ind. Ct. App. 1993).

the trial court properly found the annexation ordinance to be void and granted summary judgment in favor of the County. As such, we affirm the judgment of the trial court.

[19] The judgment of the trial court is affirmed.

Kirsch, J., and Altice, J., concur.