PETITIONERS APPEARING PRO SE:
**NANCY A. DAW**
**STEPHEN L. HOBACK**
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**ZACHARY D. PRICE**
**WINSTON LIN**
**MEREDITH B. MCCUTCHEON**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

ATTORNEY FOR INTERVENOR:
**MARK J. CRANDLEY**
BARNES & THORNBURG LLP
Indianapolis, IN

ATTORNEYS FOR AMICI CURIAE
ACCELERATE INDIANA
MUNICIPALITIES AND INDIANA
MUNICIPAL LAWYERS
ASSOCIATION, INC.:
**THOMAS K. DOWNS**
**PHILIP A. WHISTLER**
**MARK J. RICHARDS**
**DEREK R. MOLTER**
**KAREN E. ARLAND**
ICE MILLER LLP
Indianapolis, IN

ATTORNEYS FOR AMICI CURIAE
ASSOCIATION OF INDIANA
COUNTIES, INC. AND HANCOCK
COUNTY, INDIANA:
**THOMAS K. DOWNS**
**PHILIP A. WHISTLER**
**MARK J. RICHARDS**
**DEREK R. MOLTER**
**KAREN E. ARLAND**
ICE MILLER LLP
Indianapolis, IN



FILED
Mar 08 2019, 10:14 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

NANCY A. DAW,                                        )

STEPHEN L. HOBACK,                          )
Co-Trustees of Sagacious Sentinel           )
Sycamore Revocable Trust,                    )
                                             )
        Petitioners,                         )
                                             )
        v.                                   )   Cause No. 18T-TA-00009
                                             )
HANCOCK COUNTY ASSESSOR,                     )
                                             )
        Respondent,                          )
                                             )
        and                                  )
                                             )
The Town of McCordsville,                    )
                                             )
        Intervenor.                          )

---

## ORDER ON INTERVENOR'S PETITION FOR REHEARING

---

**FOR PUBLICATION**
**March 8, 2019**

FISHER, Senior Judge

On December 5, 2018, this Court affirmed, in part, the Indiana Board of Tax Review's final determination in the above-captioned matter. See Daw v. Hancock Cty. Assessor, 116 N.E.3d 1 (Ind. Tax Ct. 2018). In its opinion, the Court held that it had subject matter jurisdiction over the annexation and storm water claims of Nancy A. Daw and Stephen L. Hoback, the Co-Trustees of the Sagacious Sentinel Sycamore Revocable Trust, because both claims raised defenses to the collection of a tax (i.e., the Town of McCordsville's storm water charges). See id. at 4-8. The Town of McCordsville (the "Town") subsequently intervened and filed a Petition for Rehearing pursuant to Rule 63(B) of Indiana's Rules of Appellate Procedure ("Petition"). The Town's Petition presents three issues that the Court restates as: 1) whether the Town's storm water charges are actually

2

a tax; 2) whether the Co-Trustees' annexation claim is barred; and 3) whether the Co-Trustees' storm water claim is timely. The Court, having reviewed the Petition and the response thereto, grants rehearing with respect to Issues 2 and 3 only.[1]

**Whether the Co-Trustees' annexation claim is barred?**

In its Petition, the Town claims that the Court erred in remanding the Co-Trustees' annexation claim to the Indiana Board for further proceedings because "there are no [statutory] grounds on which the [Co-Trustees] can challenge the annexation at this point." (See Intervenor's Pet. Reh'g at 10.) The Co-Trustees respond that their annexation claim is authorized by Indiana's general annexation law, statutes, and case law. (See Pet'rs' Br. Resp. Intervenor's Pet. Reh'g ("Pet'rs' Resp. Br.") at 45-47.)

Annexation is an essentially legislative function that is subject to judicial review only as provided by statute. Bradley v. City of New Castle, 764 N.E.2d 212, 215 (Ind. 2002) (citation omitted). There are only two methods of challenging a town's annexation. See Deaton v. City of Greenwood, 582 N.E.2d 882, 885 (Ind. Ct. App. 1991). The first method, remonstrance, serves as "the exclusive manner for landowners [of the annexation area] to obtain relief from annexation proceedings." Id. The second method, a declaratory judgment suit, is "available only to taxpayers of the annexing [town]." Id.

The Co-Trustees have conceded that they did not seek judicial review of the Town's annexation by means of the remonstrance process. (See Pet'rs' Resp. Br. at 46.) Rather, the Co-Trustees seek relief pursuant to a declaratory judgment suit under Indiana Code § 34-14-1-2. (See Pet'rs' Resp. Br. at 46.) The Co-Trustees, however, are not

---

[1] The Court declines to grant rehearing with respect to Issue 1 because the arguments of the Town and the Amici Curiae were, among other things, based on a repealed ordinance. (Compare, e.g., Intervenor's Pet. Reh'g at 5-9 and Cert. Admin. R. at 77 with Pet'rs' Br. Resp. Intervenor's Pet. Reh'g at 14-17 and Cert. Admin. R. at 79-92.)

entitled to institute such an action because it generally is available to taxpayers of the annexing town only, not landowners of the annexation area, like the Co-Trustees. See Deaton, 582 N.E.2d at 885. This method of relief is also unavailable to the Co-Trustees because they have not alleged that their land was not contiguous to the Town's boundaries or that the Town failed to implement a fiscal plan. See Matter of Annexation Proposed by Ordinance No. X-02-93, 652 N.E.2d 878, 879-80 (Ind. Ct. App. 1995), trans. denied.

Nonetheless, the Co-Trustees maintain that the holding in Town of Reynolds v. Board of Commissioners of White County, 62 N.E.3d 394, 396 (Ind. Ct. App. 2016) authorizes their declaratory judgment suit. (See Pet'rs' Resp. Br. at 46-47.) An excerpt from that case itself indicates, however, that it does not provide the authorization the Co-Trustees seek:

> In City of Boonville I, we concluded that "[w]hile the adjacent property owners technically have title to the centerline of the public roadways, they do not have the right to construct, lay out, alter, vacate, maintain, or otherwise control the roadways. Those powers are given to government entities." Thus, it follows that . . . , the governmental entity which, prior to annexation, had the responsibility for maintaining a roadway bordering an annexed parcel should be treated as the owner of said roadway for purposes of challenging annexation by another governmental entity. Therefore, said governmental entity would undoubtedly have an interest in protecting its rights relating to the roadway.

Town of Reynolds v Bd. Comm'rs White Cty., 62 N.E.3d 394, 400 (Ind. Ct. App. 2016) (citation and footnote omitted). The Trustees have not provided any binding authority that expands the holding of that case. (See Pet'rs' Br. at 47 (citing cases from another jurisdiction).) Therefore, the Court concludes that the Co-Trustees' annexation claim is barred.

4

**Whether the Co-Trustees' storm water claim is timely?**

The Town also claims that the Court erred in remanding the Co-Trustee's storm water claim to the Indiana Board because "it is far past the permissible time to assert" the claim pursuant to the provisions of the Storm Water Act. (See Intervenor's Pet. Reh'g at 13 (citing IND. CODE §§ 8-1.5-5-18, -19 (2019)).) The Co-Trustees have not responded to this claim directly. (See generally Pet'rs' Resp' Br.) Instead, they have asserted that the Town's Petition is improper because it asks the Court to consider new arguments and theories, such as this one. (See Pet'rs' Resp. Br. at 11.) To support their claim, the Co-Trustees cite Property Development Company Four, LLC v. Grant County Assessor, 42 N.E.3d 182, 184 (Ind. Tax Ct. 2015). The unique circumstances of the instant case, however, render that case inapplicable.

In Property Development, the party seeking rehearing was not an intervenor, as here. See Property Dev. Co. Four, LLC. v. Grant Cty. Assessor, 42 N.E.3d 182, 182 (Ind. Tax Ct. 2015). Trial Rule 24(C) expressly recognizes a party's right to intervene post-judgment for purposes of seeking relief from the judgment or filing an appeal of that judgment. See Ind. Trial Rule 24(C); see also Panos v. Perchez, 546 N.E.2d 1253, 1255 (Ind. Ct. App. 1989). This distinction is important because an intervenor may litigate other issues or claims that were not already determined by the court. Panos, 546 N.E.2d at 1255. That is exactly what has occurred here and the Town's Petition, therefore, is proper.

The certified administrative record indicates that prior to April 10, 2007, the Town adopted three different ordinances regarding storm water management. (See Cert. Admin. R. at 77.) One of those ordinances provided for the "design, construction, and

maintenance of stormwater drainage facilities and systems[.]" (Cert. Admin. R. at 77.) Consequently, the Town needed to create a plan for its storm water project, adopt the plan by resolution, and hold a public hearing after its adoption. See generally IND. CODE § 8-1.5-5-17 (2007). Property owners, like the Co-Trustees, could have then filed a written remonstrance, and if unsuccessful, an appeal with the circuit or superior court of the county within 30 days of the Town's post-hearing decision. See generally IND. CODE §§ 8-1.5-5-18, -19 (2007). The certified administrative record does not indicate that the Co-Trustees used the specified statutory process to pursue their storm water claim in the prescribed period and appropriate forum. Accordingly, the Court finds the Co-Trustees' storm water claim is untimely as "'[t]he object of the declaratory judgment statute is to afford a new form of relief, not a new choice of tribunals.'" Quiring v. GEICO Gen. Ins. Co., 953 N.E.2d 119, 126 (Ind. Ct. App. 2011) (citation omitted).

## CONCLUSION

The Court, having determined that the Co-Trustees' annexation claim is barred and their storm water claim untimely, finds in favor of the Town with respect to Issues 2 and 3. Accordingly, the Court vacates that part of its opinion that remanded the Co-Trustees' annexation and storm water claims to the Indiana Board for additional proceedings. The Court's original opinion is affirmed in all other respects. The Court, given the disposition of the issues raised in its original opinion and on rehearing, hereby enters final judgment in favor of the Assessor and the Town and against the Co-Trustees.

SO ORDERED this 8th day of March 2019.

_____
Thomas G. Fisher, Senior Judge
Indiana Tax Court

6

Distribution:  Nancy A. Daw, Stephen L. Hoback, Zachary D. Price, Winston Lin, Meredith B. McCutcheon, Mark J. Crandley, Thomas K. Downs, Philip A. Whistler, Mark J. Richards, Derek R. Molter, Karen E. Arland, Indiana Board of Tax Review